## J. M. RAMIREZ, Executor of FELIPE RAMIREZ, Respondent, v. R. J. MURRAY, Appellant.

To enable a party to recover rent *eo nomine*, he must show that the defendant's possession was by virtue of some express or implied agreement.

No action for rent will lie where the possession is adverse and tortuous, for such possession excludes all idea of a contract.

The plaintiff sued in assumpsit to recover rent for premises, the possession of which he had previously recovered by ejectment against the defendant. After a trial and verdict. which was set aside by the Court, he amended his complaint to make it in form an action of trespass for *mesne* profits. *Held*, this was erroneous and should not have been permitted.

Such an amendment would virtually change an action *ex contractu* into an action *ex delicto*.

If the new complaint is to be treated as an amendment to the old one, and to continue the original action, then two causes of action incompatible in their nature, are joined.

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

The facts material to the points decided are fully set forth in the opinion of the Court.

*Stephen J. Field*, for Appellant.

1. An action for rent can only be sustained upon proof of a tenancy or permissive occupation of the premises. The action is founded upon contract, and a holding without the consent and against the will of the owner, excludes the idea of a contract.

Bancroft *v.* Wardell, 13 Johns., 490. Smith *v.* Stuart, 6 Ib., 48.

Ryan *v.* Marsh, 2 Nott & McCord, 156. Tay. on Land. and Ten., § 636. O'Conner *v.* Corbitt, 3 Cal., 371.

2. The Court below erred in allowing an amended complaint to be filed containing a cause of action of a different class from the cause of action set forth in the original complaint. The motion to set aside such amended complaint should have been granted. An amendment containing a new cause of action is not allowable unless such new cause of action be embraced in the same class as the original cause of action. The uniting of different causes of action, such as tort and contract, is ground of demurrer.' That cannot be allowed by an amendment which would be ground of demurrer if existing originally in the complaint. Practice Act, sec. 40, and sec. 64. Mason *v.* Whitely, Practice Cases N. Y. Superior Court.

*George Rowe,* for Respondent.

To the point that the ruling of the Court in allowing the amended complaint to be filed was correct, cited 1 Hill, 240. 3 Ib., 283. 10 Mass., 433.

Murray, C. J., delivered the opinion of the Court. Heydenfeldt, J., concurred.

This was originally an action of assumpsit to recover rent for the occupation of premises in the city of Marysville. The complaint is in the usual form of a declaration in *indebitatus assumpsit.*

On the trial, the plaintiff introduced the record of the District Court of Yuba County, showing a recovery in ejectment against the defendant, and after proving the monthly value of the premises rested the case. The defendant moved for a nonsuit, and the Court directed the jury to find a special verdict reserving the question of law.

From the plaintiff's own showing it is apparent that he was not entitled to recover in this form of action. To enable a party to recover rent *eo nomine* he must show that the defendant's possession was by virtue of some express or implied agreement; and no action will lie where the possession was adverse and tortuous, for such possession excludes all idea of contract. See O'Conner *v.* Corbitt, 3 Cal., 370.

Some nine months after the trial, the Court set aside the verdict of

the jury, and allowed the plaintiff to amend his complaint, on which judgment was afterwards rendered in his favor.

The amended complaint founds in tort, and is in fact an action of trespass for *mesne* profits. Although great latitude is allowed the Courts of this State in the matter of amendments, it would be carrying their power and discretion to an extreme point to permit a party, after summoning his adversary to appear and defend in an action *ex contractu*, to amend his declaration so as to change the proceeding into an action *ex delicto*, and *that* after issue joined, trial and motion for nonsuit, or in arrest. The character of the proceeding is changed by the amended complaint, and the defendant finds himself in Court to answer a charge concerning which he has never been summoned. This practice is too loose and dangerous to be tolerated.

If it is sought to treat the complaint as an amendment to the old one, and to continue the original action; then the objection at once suggests itself that two causes of action incompatible in their nature are joined.

The judgment is reversed, and the Court below directed to enter a judgment of nonsuit.