JOSEPH LACKNER, Respondent,

*vs.*

WILLIAM J. TURNBULL, Appellant.

APPEAL FROM THE RACINE CIRCUIT COURT.

7  105
78 359
7  105
f109 573

The amendment of a complaint for work and labor and materials furnished, demanding a money judgment, by adding thereto the requisite averments, and asking judgment of lien, &c., according to chapter 120 of the Revised Statutes, is not an amendment which changes the cause of action, and is therefore allowable under the code.

This action was commenced in the Racine Circuit Court. The complaint was in the usual form for work and labor and materials furnished, demanding judgment for the sum of $215 75, and was served with the summons on the 27th day of June, 1857.

On the 9th day of July, 1857, the appellant served on the respondent an answer to the effect, that after the performance of the work and labor, &c., and before the commencement of the suit, the appellant had executed and delivered to the respondent his negotiable promissory note for the amount of said work and labor and services, and that the same was received by the respondent on settlement as security for the payment of the amount due, &c., and that the same had not been re-delivered, but is now outstanding.

On the 16th day of July, 1857, the respondent served on the appellant an amended complaint, which was similar to the original, with this addition: " and the plaintiff further shows that the aforesaid work and labor were performed upon, and the materials were furnished for, and actually used in the erection and building of a certain brick building then being

Lackner vs. Turnbull.

erected in said city of Racine, by the defendant, and since occupied by the said Turnbull, as a sash, blind and door manufactory, which said building was erected on, and stands upon lot three of block eight, of the original plat of the village (now city of Racine) which said lot contains less than one acre of land, and the plaintiff further shows that all of said work and labor were performed and materials furnished by the plaintiff to the defendant within one year prior to the commencement of this action, that is to say, between the 25th day of October, 1856, and the 18th day of December, of the same year, and that within one year after the performance of said work and labor, and furnishing said materials, that is to say, on the 19th day of June, 1857, the said plaintiff filed in the Circuit Court for the county of Racine, his petition for a mechanic's lien upon the said building, pursuant to the provisions of Chapter 120 of the Revised Statutes and Acts amendatory thereof, which petition now remains on file in this Court, and the plaintiff further avers that this action was commenced within one year after the performance, by the plaintiff, of said work and labor, and furnishing of said materials for the defendant.

And the plaintiff further shows that the defendant is justly indebted to him for the work, labor and materials aforesaid, in the sum of two hundred and fifteen dollars and seventy-six cents, with interest since the 18th day of December, 1856. Wherefore the plaintiff demands judgment against the said defendant, (for said sum) and that such judgment may be ordered by the Court to be a lien upon the premises herein before described, in pursuance of the provisions of chapter 120 of the Revised Statutes and the acts amendatory thereof, and for such other and further order in the premises as the plaintiff may be entitled."

On the 22d day of July, the appellant served on the respondent the following notice:—

Take notice that the defendant will disregard the paper served upon us as his Attorneys, and endorsed "copy amended complaint," for the following reasons :—

1. For that the said paper is entitled in a different Court from that in which the complaint in the above entitled action is entitled, nor does it appear by the said paper or otherwise, that the said paper has been allowed by the Court as an amendment to the complaint in the above entitled action.

2. That the said paper does not upon its face appear to be an amended pleading in the above entitled action, but it does appear to be an original complaint without any summons accompanying it.

3. That the said paper alleges and sets forth substantially a different cause of action from that stated in the complaint in the above entitled action.

4. For that in and by the said paper the plaintiff demands new and different relief from that demanded in the complaint in the above entitled cause.

5. For that the relief demanded by the plaintiff in and by the said paper is not stated with sufficient certainty.

On the 25th day of September, 1857, the respondent served on the appellant a notice that he would apply to the Court at the special term in Elkhorn, on the 5th October, for the judgment and relief demanded in the amended complaint in this action, having filed the affidavit of no answer to said amended complaint.

The Court on said 5th day of October, on these papers and after argument of counsel, made the following order:

" It is ordered that the motion be granted and judgment entered for the amount demanded in the complaint, with interest, and that the same be a lien upon the premises therein described, unless the defendant, before the third Monday of October instant, answer the complaint in this action, and

place the same upon the calendar for trial at the next term of this court, at Racine county, without notice."

On the 12th day of November, at the Kenosha Term, the court made the following order :—

"An objection having been made at the Racine Circuit Court, to the entry of judgment in this cause, on account of an alleged defect in the summons, and the same having been argued by counsel and held under advisement by the court, and being now satisfied thereon, on motion, ordered that said objection be, and the same is hereby overruled, and it is further ordered that said plaintiff do recover against the said defendant $229 27 damages in this action, and costs to be taxed ; and it is further ordered that said judgment be, and the same hereby is made a lien upon the premises, described in the petition for a lien, and the complaint in this action, according to the provisions of chapter 120 of the Revised Statutes and the acts amendatory thereof."

And then follows the entry of judgment by the court in pursuance of said order.

*Paine & Millett* for appellant.

The court erred in awarding the respondent judgment on his amended complaint, for the following reasons, viz :

1. The original summons and complaint were simply for a money demand, praying judgment against the appellant for the amount of the plaintiff's bill.

2. The amended complaint asked for a totally different kind of relief; relief both in *personam* and *in rem.* It asked for judgment against the appellant, and that the court should make the judgment a *specific lien* upon specific property.

3. The original complaint invoked only the *legal powers* of the court, the amended, both the *legal* and *equitable*, legal

Lackner vs. Turnbull.

in the rendition of the judgment, equitable in making that judgment a lien upon the property.

4. The amendment was therefore unwarranted without leave of the court, even under the code.

We shall cite on the argument the following authorities:— Code, Tit. 5; *Russell vs. Spear*, 5th Practice Rep., 142; Code Rep., 189; id., 318; *Hollister vs. Livingston*, 9th Pr. Rep. 140; *Andrews vs. Bond*, 15th Bar. Rep., 633; *Seiver vs. Smith*, 18 Johnson's Rep., 310; *Dewey vs. Fifield*, 2d Wis., 73; 11 How., 273; 8 id., 47; 9 id., 140; 1 Duer, 632.

*J. W. Carey* for the Respondent.


*By the Court*, WHITON, C. J.   We think that the amendment of the complaint in this case was properly made.   The code (§ 80) provides that " any pleading may be once amended by the party of course without costs, and without prejudice to the proceeding already had, at any time before the period for answering it expires, or it can be so amended at any time within twenty days after the service of the answer or demurrer to such pleading, unless it be made to appear to the court that it was done for the purpose of delay."   In this case, the amendment was made within twenty days after the answer was filed, the answer having been filed on the 9th day of July, and the amended complaint having been served on the 16th day of the same month.   This seems to be in conformity with the code.   But it is contended by the counsel for the appellant, that the amendment which was made in this case is not allowed by the code, because it changes the cause of action.   In support of the proposition, that amendments are not allowed by the code which change the cause of action, he cites numerous cases from New York, where a code of procedure similar to ours exists.   But we do not think that

in strictness, the amendment which was made in this case did change the cause of action. It only changed the remedy. The judgment which was rendered became a lien upon the building and upon the interest of the defendant in the premises upon which the building was situated, from the time when the materials were furnished and the labor was performed, according to the provisions of chapter one hundred and twenty of the revised statutes, and the acts amendatory thereof, while, if the amendment had not been made the judgment would only have been a lien upon the real estate which the debtor had at the time of its rendition, and which he might afterwards acquire. But the "cause of action," or in other words, the labor performed and materials furnished, were the same whether the plaintiff proceeded under the original or the amended complaint. By amending his complaint, he was enabled to obtain relief which he would not have been entitled to under the original complaint, but the "cause of action" was not changed by the amendment.

Judgment affirmed.