ROGERS vs. WRIGHT.

*Practice—Leave to file amended answer.*

After serving an answer containing a general denial, defendant moved, at the next term, upon timely notice, for leave to file an amended answer setting up three defenses of which he might have availed himself under the first answer, and also the defense of infancy at the time the contract sued on was made. Neither complaint nor answer was verified, and there was no evidence that said defense could be established at the trial. *Held*, that the court did not abuse its discretion in granting the motion.

APPEAL from the Circuit Court for *La Crosse* County.

Foreclosure of a mortgage to a railroad company, assigned to plaintiff. The complaint was served by mail, and received

by defendant's attorney, at the city of La Crosse in said county, July 30, 1866. On the 8th of September, plaintiff's attorney, at Milwaukee, received the answer, which was a general denial, the same having been mailed on the 7th. On the 18th of September he received by mail an amended answer, mailed on the 17th, which, beside (1) a general denial, contained also the following defenses : (2) That since the execution of the mortgage, the description of land in it, and in the record thereof, had been materially and fraudulently changed, without defendant's consent. 3. That at the time of its execution and delivery defendant was an infant, and had never ratified it since reaching his majority. 4. That at the time of such execution and delivery, he was an unmarried man, and between that time and the time of said alteration of the original mortgage and record, he had married, and at the time last mentioned was living with his wife on the premises described in the mortgage as thus altered, claiming the same as his homestead, and his wife had never joined with him in the execution of the mortgage. There is a further averment that plaintiff had actual notice of all the facts above stated prior to the assignment to him; and judgment is demanded that the note be declared void, and the mortgage canceled and discharged of record, &c. The plaintiff's attorney returned this answer, on the grounds that it was too late, and that such an amendment was not allowed by the statute. On the 21st of September, defendant gave notice of a motion at the next term of said court for leave to file said answer. The motion was founded upon an affidavit of one of defendant's attorneys, which, in addition to the above facts, states that affiant had the principal charge of the defense ; that the defendant resided in the town of Barre, in said county of La Crosse; that when the first answer was served, affiant had not been able to see him so as to ascertain his defense, and did not then know of the special facts set up in defense in the amended answer.

The plaintiff appealed from an order permitting the amended answer to be filed.

*E. Mariner* and *David S. Ordway*, for appellant, contended that inasmuch as the pleadings were not verified, and there was no affidavit of merits, nor anything to show that the defendant had any expectation of proving the amended answer true, the permission to amend was not in furtherance of justice (R. S. ch. 125, sec. 37); and that there was no sufficient excuse shown for not stating the alleged facts, if true, in the first instance. *Sweet v. Mitchell*, 19 Wis., 529. 2. The first second and fourth proposed defenses might be made under the original answer; and the defense of infancy, like that of usury or the statute of limitations, should not be allowed by way of amendment, except upon very clear evidence that it can be maintained at the trial, and also upon such terms as may be just. *Dole v. Northrop*, 19 Wis., 249.

*Cameron & Losey* and *Hugh Cameron*, for respondent.

COLE, J. We do not think there was any abuse of discretion in permitting the defendant to file and serve the amended answer. It is impossible to say that the defendant was guilty of any delay in making his application, since it was made at the next term of court, and the attorneys of the plaintiff had reasonable notice of the intention to make it. It was not like the cases of *Dale v. Northrop* and *Sweet v. Mitchell*, referred to by the counsel for the appellant, where the applications to file amendments to the pleadings were made a long time after the suits were commenced, and after trials had been had.

But it is insisted that the court was guilty of an abuse of discretion in granting leave to file the amended answer, because it was not in furtherance of justice. It is not claimed, however, that the amended answer does not contain defenses to the action, if the matters therein set forth are established on the trial. But it is said these defenses should not be regarded with

favor, because the first, second and fourth were available under the original general denial, while the third (infancy when the note and mortgage were executed) should only be allowed upon very clear evidence that it can be maintained on the trial. We hardly think such a strict rule would be in accordance with the spirit and letter of our statute upon the subject of amendments. It is true, the amended answer was not sworn to ; neither was the complaint.

*By the Court.*—The order of the circuit court is affirmed.