[No. 3,414.]

MANUEL LORENZANA AND JOSEFA LORENZANA, HIS WIFE, v. JUAN CAMARILLO.

45  125
80  356

45  125
105  101

45  125
132  427

DEMURRER FOR AMBIGUITY.—A demurrer to a complaint for ambiguity must state wherein the complaint is ambiguous, or it will be disregarded.

LIMITATION OF ACTIONS.—The time to which the Statute of Limitations runs is the filing of the original complaint. The filing of an amended complaint does not extend this time up to the period when it is filed.

RIGHT OF MORTGAGOR TO REDEEM.—The right of the mortgagor to redeem is not affected by the fact that he may have had no title to the mortgaged property, nor can the mortgagee refuse the redemption money, if tendered, because the mortgagor had no title to mortgage.

TESTIMONY OF A PARTY MAY BE USED AS EVIDENCE.—On the second trial of a cause the plaintiff may introduce the testimony of the defendant given on a former trial, even if the defendant is present in Court.

ALLEGED ERRONEOUS INSTRUCTIONS TO JURY.—If special issues are submitted to a jury and they fail to find a verdict upon one of them, the appellate Court will not review alleged erroneous instructions on this issue.

Appeal from the District Court of the First Judicial District, County of Santa Barbara.

The complaint in this case was filed December 30th, 1868. It averred that on the 26th of August, 1866, the plaintiff Josefa owned, as her separate property, an interest in a tract of land known as "La Colonia o el Rio de Santa Clara," and that the plaintiffs, on said day, deeded it to the defendant by a deed absolute on its face, but that it was intended as a mortgage to secure a loan of money, and that the plaintiffs had tendered the money and demanded a reconveyance, but the defendant refused the money and refused to reconvey. The plaintiffs ask to be allowed to redeem, and for a reconveyance. The defendant demurred because the complaint did not state facts sufficient to constitute a cause of action; that there was a misjoinder of defendants, and that it was ambiguous, uncertain, and unintelligible. The Court overruled the demurrer. A jury was called, and the following special issue was submitted to them by the Court: "Was the conveyance set forth in the complaint made by plaintiff intended as security for money loaned?" During the trial the plaintiffs obtained leave to file an amended complaint, which was filed October 30th, 1871. The amended complaint alleged that the deed given to the defendant was the deed of the plaintiff Manuel alone. The Court thereupon submitted to the jury another issue, to wit, the following: "Did plaintiff, Josefa Gonzalez, acknowledge the conveyance set forth in the complaint before any officer, apart from and without the hearing of her husband?"

When this second issue was submitted some testimony had already been taken, and it was submitted upon the testimony already before the jury, as well as that which might thereafter be offered. The defendant objected to all these proceedings. Parol evidence was offered by plaintiffs to show that Josefa's husband was present when she signed,

although the certificate of the officer stated that she was not. Defendant's objections to this were overruled.  There had been a former trial on which the defendant had been examined as a witness on his own behalf.  The plaintiffs offered in evidence the defendant's testimony given on such former trial.  The defendant objected because he was present in Court.  The objection was overruled.

The Court instructed the jury, and refused instructions asked by defendant, concerning the distinction between a deed given as security for a loan and one given with a reservation on the part of grantors of a right to repurchase.  The jury failed to agree on the first issue, but answered the second in the negative.  The Court then found the facts on the issue on which the jury had disagreed, and that the deed had been given as security for a loan of money.  One of the points made by defendant's counsel after the amended complaint was filed was that, as the land was the separate property of the plaintiff Josefa, and as she did not join in the deed, and the plaintiff Manuel had no title to convey, he had no right to redeem.

The Court below gave judgment for the plaintiffs, and the defendant appealed.

*A. Packard* and *Creed Haymond*, for Appellant.

*Fernald & Richards* and *Edward J. Pringle*, for Respondents.

By the Court:

1. The demurrer for misjoinder of parties defendant was not well supported, inasmuch as there was but one party defendant to the action.

2. The other objection by demurrer, that the complaint is ambiguous, unintelligible, and uncertain, was properly overruled, as there was no specification of the particulars upon which it was based.

3. The defense of the Statute of Limitations must fail, inasmuch as it points to the time of filing the amended and not the original complaint as the period of time at which the statute is claimed to have barred the plaintiff.

4. There is nothing in the point that it appears in the amended complaint that Manuel Lorenzana, who seeks to redeem from the mortgage he gave to Camarillo, had no title to the mortgaged premises. His right to redeem springs from the fact of the execution and delivery of the mortgage, and in such a case it is no concern of the mortgagee whether or not the mortgagor in point of fact has a valid title to the mortgaged premises or any part thereof.

5. The evidence of Camarillo, as given by him at a previous trial of the action, was properly admitted. We do not understand that it was the mere purport of his evidence, as settled in a former statement upon motion for a new trial, but was his evidence as actually given *ipsissimis verbis,* and incorporated in extenso in that statement.

6. No point as to the instructions given or refused concerning the elements which distinguish a mortgage from a reservation of a right to repurchase will be considered, inasmuch as the jury found no verdict upon the issue to which these instructions would alone have been applicable. The determination that the instrument was in fact a mortgage was subsequently made by the Court in its findings upon which the decree was rendered.

Decree affirmed.