57  335
78  96
57  335
132  427

[No. 6,652.—Department One.]

# F. M. HACKETT, ADMINISTRATOR, ETC. *v.* THE BANK OF CALIFORNIA.

AMENDMENT—COMPLAINT.—It is error to allow a plaintiff to amend his complaint, changing the proceeding from an action *ex delicto* to one *ex contractu.*

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Nineteenth District Court, City and County of San Francisco.  WHEELER, J.

On the trial of the action in the Court below, the plaintiff having examined several witnesses, who were agents and officers of the defendant, rested.  The defendant then moved for a nonsuit; and pending the motion, the plaintiff moved for and obtained leave to file the amended complaint referred to in the opinion, so as to make the complaint conform to the evidence; and thereupon the motion for a nonsuit was denied.

*Lloyd & Newlands,* and *Wilson & Wilson,* for Appellants.

When the alleged cause of action is *tort,* and the proof is a cause of action on a *contract,* it is a failure of proof, and not a variance to be cured by amendment.  ( *Walker* v. *Bennett,* 16 N. Y. 253; *Ramirez* v. *Murray,* 5 Cal. 226; *Butler* v. *Livermore,* 52 Barb. 570–578; *Gasper* v. *Adams,* 28 id. 441; *Lane* v. *Beam,* 19 id. 51.)

It is error to permit actions *in tort* to be changed into those *ex contractu* by amendment.  (*Sinclair* v. *Neil,* 1 Hun, 84.)

*George W. Tyler,* for Respondent.

The restriction upon amendments that they must not " change substantially the claim or defense " (construed) does not refer to the form of the remedy, but tne *general identity* of the transaction forming the cause of complaint; therefore, in an original complaint demanding damages for a wrongful arrest, and containing averments making a case of *malicious prosecution,* an amendment striking out the averment of want of probable cause, etc., is permissible.  (*Spice & Son* v. *Steinrock,* 14 Ohio

St. 213.) In this case, the amendment was made before trial; the identity of the plaintiff's claim is not lost by the second amended complaint; the defendant is sufficiently informed, and was not taken by surprise, but is rather the recipient of an advantage or benefit by reason of the abandonment of any claim for loss attending actions sounding in tort; and the allegations of conversion and demand may be treated as surplusage.

Like all others, this case is to be considered with all the circumstances surrounding it, and the discretionary power of the Court below, exercised after full information of facts developed, making the amendment necessary, should not, we submit, be disturbed.

See 7 How. Pr. 294, to the effect that it is only after trial that the Court is prohibited from allowing amendments which substantially change the claim.

The COURT:

The Court below erred in allowing the plaintiff to file the *second amended complaint*, which changed the proceeding from an action *ex delicto* to an action *ex contractu*. (*Ramirez* v. *Murray*, 5 Cal. 222.) Section 473 of the Code of Civil Procedure, except in certain particulars which do not affect the question, is like § 68 of the former Practice Act, as the same was amended in 1853, and as the same stood when *Ramirez* v. *Murray* was decided.

The amendment was not permissible under § 470 of the Code of Civil Procedure, because here the allegations " to which the proof was directed " were unproved, " not in some particular or particulars only, but in their general scope and meaning."

The nonsuit should have been granted.

Judgment and order reversed, and cause remanded for further proceedings.