Elbert, C. J.
On rehearing. The original complaint in this cause was for a breach of covenant of warranty contained in the defendants’ deed to the plaintiff.
The answer of the defendants traversed the breach, and the cause was at issue.
The plaintiff thereupon filed an amended complaint, in which he abandoned the cause of action stated in his original complaint, and stated another and entirely different cause of action, in the nature of a fraud and deceit, alleging that he negotiated for and purchased of the defendants a certain sheep ranch, and paid the purchase money therefor, and that the defendants pretending to convey the same to the plaintiff, fraudulently conveyed to him another and entirely different parcel of land.
This changed the action from one ex contracto to one ex delicto.
In our former opinion we held that a plaintiff could not thus *430 abandon his original action, and substitute an entirely new cause of action.
J. B. Cochrane, Daivson & Mott, for plaintiff in error.
William Harrison, for defendant in error.
Counsel, in their petition for rehearing, claim that this ruling is in conflict with the liberal spirit of the Code, as well as with the rulings of the Code States.
The reason of the rule is obvious. The character of the proceeding is changed by the amended complaint, and the defendant finds himself in Court to answer a charge concerning which he has never been summoned. In the case of Raminez v. Murray, 5 Cal., 222, C. J. Murray says of such a practice, that it is “too loose and dangerous to be tolerated.”
In Kentucky in such a case, it is held that a new summons should issue, as otherwise “great injustice and oppression might be occasioned.” Rutadge v. Van Mester, 8 Bush., 356.
This recognizes the propriety of the rule laid down in our former opinion, and treats the amended complaint as a new action.
The claim that the decision is in conflict with the decisions of the Code States cannot, we think, be sustained.
We refer to the following additional authorities in support of the rule as announced: Woodruff v. Decker, 5 Rab., 620; Dows et al. v. Green et al., 3 How. Pr., 379; Sheldon v. Adams, 27 How. Pr., 182; Lattman v. Barnett, 62 Md., 170; Lackner v. Turnbull, 7 Wis., 95; Newton v. Allen, 12 Wis., 380; Severt v. Mitchell, 15 Wis., 764; Larkin v. Noonan, 19 Wis., 93; Stevens v. Brooks, 23 Wis., 199; Board of Supervisors, etc. v. Decker, 34 Wis., 380; Raminez v. Murray, 5 Cal., 222.
In the case of Woodruff v. Decker, 5 Rab., supra, Monell, J., says: “Under the Code, however, in a few cases it had been held that the Court has power to allow as an amendment the insertion of a new cause of action. * * * * An amendment is the commission of some error or mistake in a pleading already before the Court, and there must, therefore, be something to amend by. Whereas, the insertion of facts constituting a new cause of action or defense would be a substituted pleading, and not an amendment of an existing pleading. The cases referred to furnish no satisfactory reason for holding such an amendment to be within the power of the Court to grant.”
The petition for rehearing is denied.