Ball vs. McGeoch.

---

BALL, Respondent, vs. McGEOCH, imp., Appellant.

*December 1 — December 16, 1890.*

*Amendment of pleading· Affidavit of merits: Discretion.*

The original complaint was not verified. A proposed amended complaint, stating substantially the same cause of action, was duly verified and was accompanied by an affidavit showing why the facts alleged therein had not been alleged in the original complaint. It appeared that the allowance of the amendment would be in furtherance of justice. A formal affidavit of merits would have furnished no additional facts in regard to the merits of the application. *Held*, that it was not an abuse of discretion to allow the amendment, although there was no affidavit of merits.

Ball vs. McGeoch.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:.

The original complaint alleged, in effect, that at the times mentioned the defendants were copartners under the firm name and style of McGeoch, Everingham & Co.; that prior to July 21, 1883, an account existed between the plaintiff and said firm; that on or about that day said account was stated between the plaintiff and said firm, and upon such statement a balance of $48,780 was found to be due from said firm to the plaintiff; that the defendants then and there promised to pay the same, but that no part thereof had been paid except the sum of $24,390. Judgment was demanded for such balance, with interest from the date mentioned. To that complaint the defendant *McGeoch* made a lengthy answer, consisting of denials, allegations of payment, accord and satisfaction, and that the alleged indebtedness arose out of a gambling transaction in Chicago, void under the laws of Illinois, and other defenses, and a counterclaim. The plaintiff replied to the counterclaim.

On January 15, 1890, the plaintiff, upon a proposed amended complaint, an affidavit, and testimony taken, obtained an order to show cause why his said complaint should not be amended so as to allege, in effect, that at the times named said firm was doing business in Chicago, and the plaintiff engaged in business as a factor and commission merchant at the same place; that between June 9 and 15, 1883, at the special instance and request of said firm, the plaintiff purchased in his own name, but in fact for said firm and at their order and as such broker and commission man, 8,000 tierces of lard at the then market price, at an aggregate cost of $296,620; that in such purchase the plaintiff dealt with the seller thereof as principal, and did not disclose his agency for the defendants, and by such pur-

chase the plaintiff incurred a liability to said seller of said lard to the amount of $296,620; that between June 9 and 16, 1883, said firm paid to the plaintiff the sum of $10,000 on such purchase so made for them; that by the terms of such purchase said lard was to be delivered at any time in July, 1883; that June 16, 1883, said firm informed the plaintiff that they were unable to receive and pay for said lard, and ordered the plaintiff to resell the same at the then market price, and thereby save the plaintiff as much as possible, and thereupon the plaintiff did resell all of said lard at the then market price, as ordered by said firm, and realized upon such resale the sum of $238,240, leaving the plaintiff still liable on such purchase for said defendants to the amount of $48,380, over and above the $10,000 paid by the defendants as aforesaid; that afterwards, and in July, 1883, the plaintiff was compelled to pay and did pay to the use of said defendants, upon such liability so incurred, the sum of $46,402, no part of which has ever been repaid to him, except as hereinafter set forth; that the commission of the plaintiff, at the usual and ordinary rates at the time, on said purchase was $400, no part of which was ever paid by said firm, but is still due and payable; that, June 20, 1883, the plaintiff caused to be transmitted to said firm a statement in writing of said amount, specifying the several purchases of lard which made up the whole amount stated, and said item of $400, and that the defendants received and retained the same; that, July 21, 1883, the defendants caused to be paid thereon the sum of $24,390, and that except as specified no payment has ever been made thereon, but the full sum of $24,390, with interest at six per cent. from said last-named date, is now due from said defendants as such firm to the plaintiff; that all the foregoing contracts and agreements were by their terms to be performed in Chicago; and that at all the times mentioned there was, and yet is, in force in Illinois a law, known as section 3 of chap-

ter 76 of the Revised Statutes of that state, which provides that " all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants." Judgment is prayed for the amount last named and interest and costs.

On February 27, 1890, the trial court ordered that the plaintiff have leave to amend his complaint as proposed, upon the usual terms, etc.    From that order the defendant *McGeoch* appeals.

For the appellant there was a brief by *Miller, Noyes & Miller,* and oral argument by *B. K. Miller, Jr.*    They contended that there was no merit in the plaintiff's application. Since the action had been commenced the statute of limitations would have barred the plaintiff's claims, but notwithstanding this he seeks to change his cause of action from an account stated to one for damages growing out of the failure of the defendants to fulfil a contract.    A change so radical and complete should not be allowed except upon a showing that the plaintiff has a good and meritorious cause of action.    *Burnham v. Roberts,* 70 Ill. 19; *Seckel v. Scott,* 66 id. 106; 1 Chitty Pl. 347; *Throop v. Sherwood,* 9 Ill. 92. One of the requirements which the courts have uniformly held to be necessary before allowing a change in the cause of action, is the serving of an affidavit of merits with the motion papers.    *Mowry v. Hill,* 11 Wis. 146; *Burnham v. Smith,* id. 258; *Pinger v. Vanclick,* 36 id. 141–144; *Butler v. Mitchell,* 15 id. 355; *Levy v. Goldberg,* 40 id. 308, 315; *Sweet v. Mitchell,* 19 id. 524, 529.

For the respondent there was a brief by *C. H. Hamilton* and *Turner & Timlin,* and oral argument by *Mr. Hamilton.*

CASSODAY, J.    The court may upon the trial, or at any other stage of the action before or after judgment, in furtherance of justice, and upon such terms as may be just, amend any pleading by correcting a mistake therein, or by

inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading to the. facts proved. Sec. 2830, R. S. Notwithstanding the extensive power thus given, it is claimed that the allowance of the amendment of the complaint in the case at bar, in the manner indicated in the foregoing statement, was an abuse of discretion, for the reason that the application therefor was not accompanied by an affidavit of merits. It is true the original complaint was not verified, but the amended complaint was verified by the plaintiff in the usual manner, and was also accompanied by an affidavit of his attorney, showing why the facts alleged in the amended complaint were not alleged in the original complaint. A formal affidavit of merits would have furnished the court with no additional facts in regard to the merits of the application. It sufficiently appeared from the moving papers that the allowance of the amendment was in the furtherance of justice. The practice in such matters has become much less stringent since the Code, and fully justifies the granting of such an amendment without such formal affidavit of merits. *Sweet v. Mitchell,* 19 Wis. 524; *Rogers v. Wright,* 21 Wis. 681. This court has gone so far as to dispense with such formal affidavit of merits on an application to open a default accompanied by a verified answer on the merits. Sec. 2847, R. S.; *Omro v. Ward,* 19 Wis. 232; *Levy v. Goldberg,* 40 Wis. 314, 315. The amended complaint appears to be substantially for the same cause of action alleged in the original complaint, and the order authorizing the same seems to be justified by the repeated adjudications of this court. *Lackner v. Turnbull,* 7 Wis. 105; *Matteson v. Ellsworth,* 33 Wis. 488; *Wells v. Am. Exp. Co.* 49 Wis. 224; *Marschuetz v. Wright,* 50 Wis. 175.

*By the Court.*— The order of the circuit court is affirmed.