[L. A: No. 781.    Department Two. — April 6, 1901.]

# F. D. FROST, Respondent, v. G. F. WITTER, JR., Appellant.

ACTION — PLEADING — COMPLAINT UPON NOTE — AMENDMENT TO FORECLOSE MORTGAGE — ADDITIONAL REMEDY. — An amendment of the complaint in an action upon a promissory note, so as to set up a mortgage made by the defendant, which is an incident to the note, and to seek its foreclosure, is permissible. It is not a departure from the original cause of action, but merely cures a statutory defect in the complaint, and gives the plaintiff an additional remedy to enforce the obligation of the note against the defendant.

ID. — NECESSITY TO SET UP MORTGAGE — WAIVER — MAXIM. — The plaintiff was compelled by the statute to set up his mortgage, unless the defendant should desire to waive the privilege of insisting upon the statute, in which case the maxim would apply, *Volenti non fit injuria.*

ID. — LIMITS OF RIGHT OF AMENDMENT. — In cases of amendment to the pleadings, other than those made at the trial for variance, no express limit is established by the code, and great liberality should be used by the court in allowing amendments. All that can be required is, that a wholly different cause of action, which is entirely foreign to the original cause of action, cannot be introduced, and that the plaintiff cannot be allowed to strike out the entire substance and prayer of his complaint, and insert a new case by way of amendment.

ID. — AMENDMENT OF COMPLAINT — CHANGE OF REMEDY. — An amendment to a complaint, which does not change the obligation sought to be enforced, and only changes the remedy by which it is sought to enforce the obligation, does not change the cause of action.

ID. — DEFINITIONS — " ACTION " — " OBLIGATION " — " CAUSE OF ACTION " — " REMEDY." — An " action," as distinguished from the suit in which it is enforced, is simply the right or power to enforce an " obligation," or " what is owed to the plaintiff." The " action " springs from the " obligation " which it seeks to enforce, and the " cause of action " is simply the " obligation," regardless of whether the action is *ex contractu* or *ex delicto,* or for compensation, or for damages, or for restitution, or *in rem* or *in personam.* The " cause of action " is to be distinguished from the " remedy," which is simply the means by which the " obligation," or the corresponding action, is effectuated, and is also to be distinguished from the " relief " sought.

ID. — AMENDMENT TO FORECLOSE MORTGAGE — STATUTE OF LIMITATIONS — GRANTEE MADE A PARTY. — The amendment of the complaint in the action upon the note so as to foreclose the mortgage did not

change the time of the running of the statute of limitations beyond the date of the filing of the original complaint, as against the original defendant; though it runs to the date of the amendment as against a grantee of the defendant then for the first time made a party.

ID. — MORTGAGE EXTINGUISHED AS TO GRANTEE — OBLIGATION OF MORTGAGOR NOT EXTINGUISHED. — The fact that the lien of the mortgage was barred and extinguished as to the grantee of the mortgagor, through plaintiff's negligence, does not extinguish the obligation of the mortgagor, as to whom the action was not barred; nor prevent a judgment against him on the principal obligation; and he cannot be prejudiced by a judgment of foreclosure as against him.

ID. — REFUSAL OF CONTINUANCE — BILL OF EXCEPTIONS — AFFIDAVIT — APPEAL. — Where the bill of exceptions shows that there was no error in refusing a continuance to the defendant, resort cannot be had upon appeal to the defendant's affidavit to show the contrary.

ID. — REFUSAL OF REPORTER'S SERVICES. — Where a reporter could not be found, and the case was one in which the services of a reporter could be dispensed with without inconvenience, no harm could have resulted from refusing a motion for such services.

ID. — EVIDENCE — NOTE — ASSIGNMENT NOT DATED — WAIVER OF OBJECTION. — The admission of the note in evidence against the maker, as to whom it was not barred, is not erroneous, though the assignment thereon was not dated; and objection to the assignment is waived, where it was neither urged nor proven that it was not made before the beginning of the suit.

ID. — NOTE TO CASHIER OF BANK — EQUITABLE ASSIGNMENT — RELATION OF FORMAL ASSIGNMENT. — Where a note was payable to the cashier of a bank, and presumably for its use,· upon his ceasing to be connected with the bank there was at least an equitable assignment to the bank, and a formal assignment, if made subsequently, would relate to the equitable assignment.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

E. Graves, G. F. Witter, Jr., and R. R. Bigelow, for Appellant.

W. H. Spencer, for·Respondent.

SMITH, C. — Appeal from a judgment for foreclosure of mortgaged premises and from an order denying defendant's motion for new trial.

The original complaint counted on a promissory note made

by the defendant to one Speyer, March 14, 1894, payable six months after date, and assigned to plaintiff. It was filed September 12, 1898, two days before the lapse of four years from the maturity of the note. An amended complaint was filed September 16, 1898, which, in addition to the matter alleged in the original complaint, counted also on a mortgage of even date, executed by the defendant to secure the note, and also made one W. G. Witter a party, as claiming some interest in the mortgaged premises, etc.

The defendants each moved to strike the amended complaint from the files, on "the ground that [it] wholly changes the cause of action," and the motions were denied. The amended complaint was then demurred to on general grounds, and on the ground that the action was barred by the provisions of section 337 of the Code of Civil Procedure, and section 2911 of the Civil Code. The demurrer of the new defendant, W. G. Witter, was sustained on the latter ground; that of the original defendant, overruled.

The answer of the remaining defendant, besides a general denial and the plea of the statute, pleads affirmatively that by deed of date June 20, 1898, he had conveyed the mortgaged property to W. G. Witter, subject to the mortgage, and "that the plaintiff negligently and without the consent of [the] defendant . . . permitted the statute of limitations to run on said mortgage," etc. On this plea it is found that defendant deeded the land to W. G. Witter as alleged; and it appears from the ruling on demurrer that as to him the action was barred. On the issues raised by the general denial and the plea of the statute, the findings are for the plaintiff. Judgment in the usual form was accordingly rendered for the foreclosure of the mortgage and for the docketing of a deficiency judgment.

The principal questions involved relate,—1. To the refusal of the court to strike out the amended complaint; 2. To the overruling of the defendant's demurrer and plea of the statute of limitations; and 3. To the sufficiency of defendant's affirmative plea.

1. In considering the limit to the right of amendment, cases of amendment, at the trial, for variance under sections 470 and 471 of the Code of Civil Procedure are to be distinguished from amendments under sections 472 and 473. With reference to the former, an express limit is established by the statute; with reference to the latter, this is not the case. It is with the latter

class of amendments only that we are concerned here. Again, some distinction is perhaps to be made between amendments as of course, under section 472, and amendments allowed by the court under section 473. But, in the absence of any restriction or qualification to the right of amendment under the former section, it may be assumed that it is at least as extensive as under the latter. Whether or not it is more extensive, it will be unnecessary in this case to inquire. The question will be regarded, therefore, as relating generally to the limit or extent to which the complaint may be amended under sections 472 and 473 of the Code of Civil Procedure.

On this point I find no general rule laid down by the decisions in this state. All that is said is, that great liberality should be used by the courts in allowing amendments (*Burns* v. *Scooffy*, 98 Cal. 276, and cases cited); and that the allowance of amendments is a matter within the discretion of the courts. (*Coubrough* v. *Adams*, 70 Cal. 378; *Lestrade* v. *Barth*, 17 Cal. 228.) And in practice the courts have been extremely liberal, —as, e.g., in *Heilbron* v. *Heinlen*, 72 Cal. 376, where the complaint was amended so as to describe a different tract of land from that described in the original complaint; or in *Walsh* v. *McKeen*, 75 Cal. 519, where the case was changed from an action at law to a case in equity; or in *Cox* v. *McLaughlin*, 76 Cal. 60,[1] where the change allowed was from an action on a special contract to an action on a *quantum meruit;* or as in *Castagnino* v. *Balletta*, 82 Cal. 256, where the change was from an action on a mechanic's lien to an action on the special contract, or in *assumpsit;* or in *Bogart* v. *Crosby*, 80 Cal. 195, where the principal debtors, who had been omitted from the original complaint, were brought in by amendment.

In other states the decisions are conflicting. (Pomeroy on Code Pleading, sec. 566.) In one, and perhaps the most numerous, class of cases, the rule is established, says the author cited, that a party "cannot, under the form of an amendment, change the nature and scope of his action"; or, rather, as he adds in the same breath, "he cannot substitute a *wholly different* cause of action." The latter, however, is an essentially different proposition, and is the form in which the rule is commonly asserted,—as, e.g., in *Shields* v. *Barrow*, 17 How. 144, and the Alabama cases cited in note to 1 Ency. Pl. and Prac.,

---

[1] 9 Am. St. Rep. 164.

463. And it is obvious that the unqualified way in which the rule is sometimes stated — i. e., that a new or different cause of action cannot be introduced by amendment—cannot be accepted. For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action; and in these, and often in the case of new parties, a new cause of action is in fact for the first time introduced. All that can be required, therefore (to use the language of Mr. Pomeroy), is, that "a wholly different cause of action" shall not be introduced; or, as said by the court in *Shields* v. *Barrow, supra,* that "a complainant [is not] at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment," or "to strike out the entire substance and prayer of his bill, and insert a new case by way of amendment"; or, as expressed by this court in an early case, the matter of the amendment must not be "entirely foreign to the original complaint." (*Nevada County etc. Canal Co.* v. *Kidd,* 28 Cal. 681.) On the other hand, under statutory provisions similar to ours, the rule has been entirely repudiated by the court of appeals of New York, and it is there held to be immaterial whether the cause of action set out in the amended complaint is new or otherwise. (*Brown* v. *Leigh,* 12 Abb. Pr., N. S., 193, and other cases cited. Pomeroy on Code Pleading, sec. 566, p. 649, note 1.)

The rule has not been expressly adopted in any of the decisions in this state; though the point that it had been violated has often been made, and overruled on special grounds,— as, e.g., that the amendment did not "*materially*" change the cause of action (*Louvall* v. *Gridley,* 70 Cal. 510); or that the amendment did not state an "*essentially*" different cause of action (*Bogart* v. *Crosby,* 91 Cal. 281); or that the new matter was not "*entirely foreign* to the original complaint," as in *Nevada County etc. Canal Co.* v. *Kidd, supra.* But the rule has not been affirmatively asserted in any of the decisions; and in the case last cited the court declined to consider the question whether a cause of action could be introduced by amendment different from the one originally alleged, "or, more properly speaking, attempted to be alleged." And this is in accordance with the cases cited *supra,* in each of which the cause of action set up in the amended complaint was more or less widely different from the original. For the purposes of this case, however, it may be assumed that the rule, in its

more liberal form,—as stated in the cases cited,—has been tacitly recognized; and the question to be considered will be regarded as relating simply to its application.

In applying the rule, some confusion has resulted from the neglect to define the terms, "cause of action" and "action"; to which, therefore, our attention must be first directed.

The latter term is very commonly confounded with the *suit* (*litis*) in which the action is enforced. But this is not the technical meaning of the term, according to which an action is simply the right or power to enforce an obligation. "An action is nothing else than the right or power of prosecuting in a judicial proceeding *what is owed to one,*"—which is but to say, an *obligation.* (*Actio nihil aliud est quam jus persequendi in judicio quod sibi debitur.*) The action therefore springs from the obligation, and hence the "cause of action" is simply the obligation. This is in accordance with the view of Mr. Pomeroy, though expressed by him in new and somewhat awkward terms. (Pomeroy on Pleading and Practice, sec. 453.)

The obligation thus constituting the cause of action may be either *ex contractu* or *ex delicto;* and again, the latter may be either for compensation or damages, or for restitution,—as, e. g., the obligation of a wrong-doer to restore the property of another. For, though there is a distinction between actions brought for the recovery of damages or compensation and those brought for restitution,—the latter constituting actions *in rem,* and the former actions *in personam,*—yet in either case the action is to enforce an obligation; nor can there be an action for any other purpose. (1 Austin on Jurisprudence, sec. 527.)

The "cause of action" is therefore to be distinguished, also, from the "*remedy,*"—which is simply the means by which the obligation or the corresponding action is effectuated,—and also from the "relief" sought. (Pomeroy on Pleading and Practice, sec. 453.)

Applying these definitions to the case at bar, it is clear that the cause of action set up in the original and that set up in the amended complaint was simply the obligation sought to be enforced,—that is to say, the obligation to pay the money agreed to be paid,—and that the only change that took place was in the remedy by which it was sought to enforce the obligation.

This was the view taken in *Lackner* v. *Turnbull*, 7 Wis. 105 (affirmed in *Ball* v. *McGeoch*, 78 Wis. 359), where the original complaint was in *assumpsit* for work and labor, and the plaintiff was permitted to set up in an amended complaint a mechanic's lien, the court saying: "We do not think that, in strictness, the amendment which was made in this case did change the cause of action. It only changed the remedy; . . . but the 'cause of action,' or in other words, the labor performed and materials furnished [and it should be added, the corresponding obligation] were the same, whether the plaintiff proceeded under the original or amended complaint. By amending his complaint he was enabled to obtain relief which he would not have been entitled to under the original complaint, but the 'cause of action' was not changed by the amendment."

In the present case, the cause of action was the obligation to pay the note, to which the mortgage was merely an incident. (*Storch* v. *McCain*, 85 Cal. 307.) The original complaint was defective only by reason of failure to set up the mortgage, which, by a technical statutory rule, was necessary. The amendment simply cured this defect, and the effect of the judgment was simply to give to the plaintiff what he originally demanded, and some additional relief, which, though necessary under the statute, was of no value.

The case therefore comes within the rule. Nor is this decision in conflict with *Ramirez* v. *Murray*, 5 Cal. 222, and *Hackett* v. *Bank of California*, 57 Cal. 335, cited by appellant's counsel. These cases did not refer to amendments under section 472 or section 473 of the Code of Civil Procedure, but to amendments at the trial for variance, which are governed by a different rule. (Code Civ. Proc., secs. 470, 471; Practice Act, 579, 71.) Nor is the cause of action here changed from tort to contract, or *vice versa*, as in those cases.

2. It follows there was no error in overruling the defendant's demurrer, or his plea of the statute. Where the cause of action is not changed, the time to which the statute of limitations runs is the filing of the original complaint. (*Lorenzana* v. *Camarillo*, 45 Cal. 125; *Easton* v. *O'Reilly*, 63 Cal. 308; *Cox* v. *McLaughlin*, 76 Cal. 60;[2] *Vanderslice* v. *Matthews*, 79 Cal. 273; *Smith* v. *Bellows*, 77 Pa. St. 441; 1 Am. & Eng. Ency. of

[2] 9 Am. St. Rep. 164.

Law, 551, and note.) The cases cited by appellant's counsel are not in conflict with this view. In each of them the causes of action in the original and in the amended complaint were different, or assumed to be different. (*Anderson* v. *Mayers*, 50 Cal. 525; *Atkinson* v. *Amador etc. Canal Co.*, 53 Cal. 105; *Meeks* v. *Southern Pac. R. R. Co.*, 61 Cal. 149.) The decision in *California Sav. Bank* v. *Parrish*, 116 Cal. 259, refers to the filing of a cross-complaint by the defendant.

Nor is the case affected by the provisions of section 2911 of the Civil Code. A lien may be extinguished by the extinction of the principal debt, but the contrary does not follow. Nor, even were it extinguished, would that prevent a judgment on the principal obligation. The contrary has been expressly held. (*Mechanics' B. and L. Ass'n* v. *King*, 83 Cal. 440, 442, 444; Beatty, C. J., in *Hearn* v. *Kennedy*, 85 Cal. 57.) The plaintiff was compelled by express statutory provisions to set up the mortgage, but it was for the defendant to waive the privilege, if he desired; and the maxim would apply, *Volenti non fit injuria.* But here, if there were error in foreclosing the mortgage,—and I hold the contrary,—no harm was done; for the defendant had parted with his interest.

3. In the affirmative defense set up by the defendant it is claimed that by the negligence of the plaintiff in suffering the mortgage to be barred as to the defendant's grantee, the obligation of the defendant was extinguished; but I know of no principle of equity on which this claim can be maintained. A surety may sometimes be released by failure to pursue the principal with due diligence; but the converse is not true. The case of *Hibernia Sav. and Loan Society* v. *Thornton*, 109 Cal. 427,[3] cited by appellant, has no application. In that case the action was brought on the note alone, and the decision was simply an application of the rule established by other decisions in this state, that the mortgagee "is not authorized to waive the security and to bring an action on the indebtedness." Had the mortgage been set up,—whether it had become valueless by neglect or otherwise,—the result would have been different. (*Mechanics' B. and L. Ass'n* v. *King, supra.*) It will be observed, also, that the principal case, and the cases therein cited, involve simply the construction of section 1475 and cognate sections of the Code of Civil Procedure, and hence

[3] 50 Am. St. Rep. 52.

have no application to the case here, where the same questions are not involved.

Other points made by appellant's counsel are,—1. The refusal of the court to grant a continuance; 2. The denial of the defendant's motion for a reporter; 3. The admission of the note in evidence, and the alleged insufficiency of the evidence to show that the assignment was made to the plaintiff before the beginning of the suit. With regard to the first point, it will be sufficient to say, that, on the facts shown by the bill of exceptions, there was no error, and that resort cannot be had to the affidavit of the defendant to show the contrary. With regard to the second, as the reporter could not be found, the motion could not be granted. Whether it was error in the court to proceed without the reporter need not be determined. The case was one in which the reporter's service could very well be dispensed with without inconvenience, and it is at least clear that no harm could have resulted. As to the admission of the note, the objection, I think, was not sufficiently definite. The note was not barred by the statute; and it was immaterial whether or not the assignment was dated. It was not objected that it did not appear that the assignment was not made before the beginning of the suit; nor was the witness asked that question. As to the evidence,—in the absence of any evidence to the contrary,—it was sufficient to justify the finding. The note was to Speyer, "Cashier of Paso Robles Bank," and presumably for its use, and on his ceasing to be connected with the bank in the year 1895, there was at least an equitable assignment to the equitable owner. Inferentially, the formal assignment was made about that date, and at all events would relate to it.

I advise that the judgment and order appealed from be affirmed.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

          McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.