[Civ. No. 4011. First Appellate District, Division One.—December 28, 1921.]

KIRKMAN NURSERIES (a Corporation), Respondent, v. HORACE THORWALDSON, Defendant; M. MADSEN et al., Appellants.

[1] CLAIM AND DELIVERY—ACTION ON REDELIVERY BOND—IDENTITY OF PROPERTY—EVIDENCE—FINDING.—In this action against the sureties on a redelivery bond given to release certain personal property seized by the sheriff in a claim and delivery action, the finding of the trial court that the property described in the bond and the pleadings was the same property described in the judgment in the original claim and delivery action was supported by the evidence and was not in conflict with the findings in such original case.

[2] ID.—AMENDMENT OF COMPLAINT—IDENTITY OF CAUSE OF ACTION.— The amendment of the complaint in the original claim and delivery action, by giving a different description of the property sought to be recovered, and to increase the valuation thereof and the amount of damages sued for, did not constitute the statement of a new cause of action, where both the original complaint and the amended complaint involved the same contract, and the same controversy, and the evidence showed, and the court found, that each of the descriptions used by the plaintiff "referred to and described the same and identical property."

[3] ID.—INCREASE OF VALUATION AND DAMAGES SUED FOR—SURETIES ON REDELIVERY BOND NOT EXONERATED.—The sureties on the redelivery bond, which was given after the original claim and delivery case was wholly at issue but prior to the filing of the amended complaint, were not exonerated from liability by reason

56 Cal. App.—1          (1)

of the filing of such amended complaint, in which the plaintiff increased the valuation of the property and the amount of damages sued for, where the binding clause of their undertaking provided that they, and their principal, were jointly and severally bound in a specified sum, "being double the value of said property, as stated in the affidavit of plaintiff, for the delivery thereof to plaintiff, if such delivery be adjudged, and for the payment to plaintiff of such sum as may for any cause be recovered against the defendant."

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Savage and Lovejoy and Milton M. Dearing for Appellants.

Short, Lindsay & Woolley for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the Kirkman Nurseries, respondent herein, in an action against the defendants and appellants, who were sureties on a redelivery bond given to release personal property seized by the sheriff.

A thorough understanding of the case necessitates a recital of the facts in the original claim and delivery action in which judgment was given in favor of the plaintiff and against J. J. Sargent. Those facts as found by the court are: That in February, 1915, the nurseries company entered into a written contract with one Rose, by the terms of which the said nurseries company was to deliver to Rose one hundred thousand fig cuttings of assorted varieties, free of charge, which Rose was to plant and care for upon his land, and during the winters of 1915–16 and 1916–17 was to deliver to the nurseries company such of said cuttings as should have developed into trees three feet high, free from pests or injury of any kind, at the agreed price of thirty dollars per thousand; that in the summer following Rose transferred his interest in the land on which the fig trees were growing to Sargent, who took the land with full knowledge of the contract existing between the nurseries company and his predecessor; that Sargent performed his part of the contract for a time, but later ab-

ruptly discontinued to perform, and refused to deliver any more trees to the nurseries company. Thereupon the nurseries company brought suit against Sargent in claim and delivery. Judgment for possession of the property, or for the value thereof, was returned in favor of the nurseries company. Execution was levied and returned unsatisfied, whereupon the nurseries company brought this action against these defendants as sureties on the redelivery bond. Trial was had before the court, a jury having been expressly waived. From the judgment entered in favor of plaintiff this appeal is prosecuted.

[1] The appellants first attack the finding of the trial court that the property described in the bond and pleadings in this action is the same property described in the judgment in the original action of the nurseries company against Sargent, claiming that the finding is not supported by the evidence and is in conflict with the findings in the original case. We have carefully examined each description and admit that the trees are not described in identical terms, but there is ample evidence for the conclusion that the same property was involved in each case. The record discloses that the trees levied upon by the sheriff were included in the trees described in the contract between Rose and the nurseries company; that there was no other nursery stock than the trees described in the contract growing upon the parcel of land described therein at the time the original complaint was filed, and that none was planted in the interim between that date and the date of filing the amended complaint. We are unable to perceive any conflict with the findings in the original case. Under such evidence the finding of the trial court will not be disturbed.

[2] Appellants next contend that a new cause of action was stated in the amended complaint, in that the description of the property therein included different trees than those described in the complaint, and that the valuation and damages sued for were increased. They complain of the inclusion of the word "merchantable" in the description, contending that it is a broader classification than was used in the original complaint. The argument of counsel, in our opinion, is without merit. A careful comparison of the complaint with the amended complaint convinces us that no new cause of action was stated. Both involved the same

contract, the same property, and the same controversy. The trial court in fact found "that the descriptions and each of the descriptions of the personal property contained in the complaint, affidavit on claim and delivery, amended complaint and judgment in the action of plaintiff against J. J. Sargent (being the action referred to in the second paragraph of the complaint in this action), referred to and described the same and identical property; that the description of the personal property set forth in said amended complaint and judgment included no property in addition to the property described in the said complaint and affidavit on claim and delivery, and said judgment was for the recovery of the same property described in said affidavit, complaint and amended complaint." This finding is abundantly supported by the evidence, and is, we think, conclusive on this phase of the case. This view is strengthened by the admission of appellants in their opening brief that the nurseries company "need not take or pay for any other trees, making it optional with plaintiff not to take or pay for any trees that did not come up to the above specifications." If further proof is necessary, the sheriff's return presents it. The property seized is described as "all of the merchantable nursery stock fig trees two years old or thereabouts, grown from cuttings and intended for transplanting, now situated," etc. Both the complaint and the amended complaint had the same object in view, viz., the recovery of possession of the trees or their value. The cause remained the same, whether the case went to trial on the original or the amended complaint. It follows that there was no error in entering judgment on the amended complaint. (*Frost* v. *Witter*, 132 Cal. 421 [84 Am. St. Rep. 53, 64 Pac. 705].)

[3] The final contention of the appellants is that the court erred in entering said judgment, it having been found by it that the undertaking had been given after the original case was wholly at issue and that thereafter the amended complaint was filed, upon which the judgment was finally entered, the said judgment varying in many respects from the original demand of the plaintiff. They argue that the increase in valuation of the property involved and the damages prayed for in the amended complaint over the demand made in the original complaint exonerates these

appellants. They cite a number of cases in support of their contention, but we are of the opinion that the bond is the governing element in this case. The binding clause of the undertaking reads: "Now, therefore, the undersigned, J. J. Sargent, principal, and M. Madsen and Ray A. Humphreys, sureties, do hereby undertake and acknowledge that we are jointly and severally bound in the sum of Four Thousand Five Hundred ($4500) dollars, being double the value of said property, as stated in the affidavit of plaintiff, for the delivery thereof to plaintiff, if such delivery be adjudged, *and for the payment to plaintiff of such sum as may for any cause be recovered against the defendant."*

We find no error. Judgment is affirmed.

Tyler, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 23, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.,* did not participate.