[Civ. No. 4705.   Third Appellate District.—January 9, 1933.]

WILLIAM CLARK BURR, Respondent, v. THE POLICY
HOLDERS LIFE INSURANCE ASSOCIATION (a
Corporation), Appellant.

Hugh Martin Young, Charles D. Warner and Thomas W. Hughes for Appellant.

J. A. Pardee for Respondent.

PARKER, J., *pro tem.*—The statement of the question involved is given by appellant thus: "The main question agitated upon this appeal involves the doctrine of warranties as applied to the statements and representations made by an applicant for membership in a Mutual Benefit Association organized and operating under the provisions of 452–a of the Civil Code of California."

The contention is that the insured in her application for insurance asserted statements as to her health and bodily condition which were in fact absolute and strict warranties as to matters about which she was making declaration, and which were false when made, as a consequence of which the warranties so made by her failed and the obligation of the insurer thereupon became void.

In the court below judgment went for the plaintiff, who sued as the beneficiary of the deceased insured.

There seems little dispute as to the law, and strange as it may seem, there is no dispute of facts. In the application for insurance the following questions and answers appear:

"Q. Are you now in good health? A. Yes. Q. Have you knowledge that any physical disease exists in your system? A. No."

The application was dated June 3, 1930, and insured died some eight months thereafter. The finding of the trial judge is as follows:

■ That during a period of eighteen years prior to her death the said insured had at intervals been afflicted with what is commonly known as milk leg and at times ulcers would form on her leg, but said milk leg and ulcers were of a local nature and did not in any way affect her general health and did not contribute to her death.

Appellant does not seriously question the finding nor does he point out wherein the evidence is insufficient in support thereof. It is taken for granted, notwithstanding the finding, that the disease called milk leg was of such a character as to negative the insured's statement of good health. Assuming this much, appellant then seeks to apply the law relative to warranties.

■ Conceding the statements in the application to be warranties and conceding that the falseness of these statements would void the policy, we are still left with the finding that the statements were true and that the health of the insured was good and that no physical disease existed in her system. Our inquiry then must be as to the sufficiency of the evidence to support the finding. The question is one of medical cognizance. As a court we can take no judicial notice of the character of the disease called milk leg and we cannot launch off into an uncharted course of medicine, pathology and kindred subjects.

The evidence indicates that the disease had not prostrated the insured nor caused her to become bedridden. From time to time she had ulcers on her leg, but only as the result of injuries sustained from bruises or knocks. No ulcer was present at the time of the application for insurance. Her family seemed to take no interest in the ailment and it bothered her but little.

The only medical testimony adduced is that the disease called milk leg is a local disease as distinguished from organic or constitutional; that such a disease would not shorten life and is entirely curable. And further, that

such an ailment could not render a person afflicted therewith ineligible for life insurance.

The testimony relied upon by appellant embraces an isolated statement that milk leg is not a healthy condition. Yet this one phrase is found in a more or less general discussion. The witness stated that milk leg was a local disorder and that it was not a healthy condition, but that as far as the whole general condition goes it has no effect upon such general condition, save that the patient suffers pain. Analyzing the testimony further, it appears that a person suffering from milk leg would be considered in good health. Still further, the evidence discloses milk leg as a disease that does not affect the general health of the patient. We conclude that the evidence fully supports the finding.

The term "good health" in the life insurance policy or application is comparative, and an assured is in good health unless affected with a substantial attack of illness threatening his life or with a malady which has some bearing on the general health. It does not mean perfect health; nor would it depend upon ailments slight and not serious in their natural consequences. (*Maine Benefit Assn.* v. *Parks,* 81 Me. 79 [16 Atl. 339, 10 Am. St. Rep. 240].)

A warranty that the insured is in good health is not broken unless the insured has an ailment of a character so well defined as appreciably to affect his health. Only an ordinary and reasonable degree of health is required and this question is generally to be determined by the trier of fact. (14 R. C. L., sec. 248, and cases therein cited; 1 May on Insurance, sec. 295.)

The appellant next urges that its rights were prejudiced by the action of the trial court in permitting the filing of an amended complaint. The original complaint was based upon the claim of plaintiff as the beneficiary under the policy and sought recovery for the amount of the insurance. It developed at the trial that defendant was a mutual insurance company and that losses were paid by assessment of its members. That there was maintained a benefit fund which was kept revolving through such assessments. It likewise appeared that the benefit fund had been and was depleted so that in order to pay the claim of plaintiff it would be necessary to levy another assessment.

The amended complaint, after setting up the general cause of action, asked for a judgment directing the levy of such an assessment.

It is quite apparent that the substituted pleading in nowise changed the cause of action but sought more complete relief, namely, the aid of the court in enforcing the claim sued upon.

Following the rule as announced in *Frost* v. *Witter*, 132 Cal 421 [64 Pac. 705, 84 Am. St. Rep. 53], we conclude that the action of the court below in permitting the amendment was not prejudicial.

The judgment is affirmed.

Pullen, P. J., and Thompson (R. L.), J., concurred.