[No. 14169.   Department Two. — September 19, 1891.]

F. C. BOGART, RESPONDENT, v. CROSBY & VAN HAREN, DEFENDANTS.   P. C. REDMOND ET AL., APPELLANTS.

VENDOR AND PURCHASER — CONTRACT OF PURCHASE — RESCISSION — RETURN OF DEPOSIT — COMMISSIONS OF VENDORS' AGENTS. — Where agents acting under verbal authority agreed to sell land for the owners, and received a deposit upon the contract, which was paid to one of the owners and afterwards returned to the agents upon rescission of the contract, with notice to the intending purchaser to settle with them, the owners of the land are jointly liable to the proposed purchaser for the return of the whole amount of the deposit upon demand, and the purchaser is under no obligation to settle any claims for commissions which the agents may have against the owners of the land.

ID. — PROPOSAL TO PURCHASE — WITHDRAWAL OF OFFER — RECOVERY OF DEPOSIT. — When the owners of land are not legally bound to convey it, a proposed purchaser may withdraw his offer to purchase at any time before a lawful contract is consummated, and may recover the full amount of any deposit made by him on account of his proposed purchase, after his offer of purchase has been so withdrawn.

ID. — AMENDMENT OF COMPLAINT — STATUTE OF LIMITATIONS — CHANGE IN ALLEGATION OF PARTNERSHIP. — Where the first amended complaint in an action to recover a deposit upon a rescinded contract of sale made the owners of the land and their agents defendants, and alleged that the "defendant is an association of two or more persons doing business" under a common name, and in a second amended complaint only the agents of the owners were alleged to be an association doing business under the common name, and the owners are named separately as co-defendants, the agents and owners of the land being charged in both complaints with having received from the plaintiff, and to his use, the money sued for, and with a refusal to pay it to the plaintiff upon demand, the second amended complaint does not state an essentially different cause of action against the owners of the land from that alleged in the first amended complaint, for the purpose of the statute of limitations.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. D. Cassiday,* for Appellants.

The cause of action set out in the second amended complaint is different from that set out in the first amended complaint, the individuals being liable in the first instance in the former, while the joint property of the association would be liable in the latter. (See Code Civ. Proc., sec. 388.)   The cause of action set out in the second amended complaint being different from that in the first amended complaint, with different parties in different capacities and with different liabilities, and more than two years having elapsed since the accrual of the cause of action therein set forth, the action was barred by the statute of limitations.   (Code Civ. Proc., sec. 339, subd. 1; *Anderson* v. *Mayers,* 50 Cal. 525; *Meeks* v. *S. P. R. R. Co.,* 61 Cal. 149; *Farris* v. *Merritt,* 63 Cal. 118.) Respondent, having entered into an agreement to purchase real estate, and made a deposit thereon, to sustain an action for recovery of money paid, must show tender of performance on his own part before he can put the other party in default. (*Englander* v. *Rogers,* 41 Cal. 422.)   Having of his own volition, without any good or sufficient reason therefor, abandoned the purchase and notified appellants thereof, and having failed to tender

performance of the contract, without a waiver of tender by appellants, time not being the essence of the contract, he is estopped from recovering the deposit, and same is forfeited to appellants. (Fry on Specific Performance, sec. 1640, note p. 537; *Green* v. *Wells*, 2 Cal. 584; Wharton on Contracts.)

*J. E. Deakin,* and *Deakin & Story,* for Respondent.

De Haven, J. — This appeal is by the defendants Remondino, Daggett, and Witfield from a judgment against them in favor of plaintiff.

It appears that defendants Crosby & Van Haren were verbally authorized by appellants to sell for them a certain tract of land in San Diego, and acting under this authority, they agreed to sell the same to plaintiff, and received from him the sum of three hundred dollars as a deposit on the contract. No deed could be made at the time on account of the absence of the appellant Remondino, the plaintiff being assured by defendant Van Haren that he would return within two weeks. After waiting about three weeks, the plaintiff notified Witfield, one of the appellants, that owing to the long delay and uncertainty as to the time when Remondino would return, he would not complete the purchase, and demanded a return of the money paid by him as a deposit. Witfield made no objection to the refusal of plaintiff to complete the purchase, for the reason, as he states, that he considered the land worth more than plaintiff was to pay for it, and so he informed plaintiff that he would return his check to Crosby & Van Haren, and that plaintiff might settle with them. The reason for this action seems to have been that appellants did not wish to pay their agents for services in relation to the transaction, and, to avoid controversy upon this point, turned the money over to them and left the plaintiff to settle with such agents. The appellants soon thereafter sold the land to another person, and it does not appear that it was sold for any less than plaintiff was to pay, or that defendants have suffered any damage by reason of the refusal of plaintiff to complete the purchase.

This action was first brought against Crosby & Van Haren alone. On October 19, 1889, an amended complaint was filed by which appellants were also made defendants, this complaint alleging that " defendant is an association of two or more persons doing business . . . . under the common name of Crosby & Van Haren."

On October 24, 1889, a second amended complaint was filed, in which only Crosby & Van Haren were alleged to be an association, under the name of Crosby & Van Haren, and all of the defendants were charged with having received from plaintiff, and to his use, the sum of three hundred dollars.

It is claimed by appellants that the cause of action stated in the last amended complaint is, as against appellants, essentially different from that alleged in the first amended complaint, and that as it was not filed within two years after the cause of action accrued, the same is barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

We do not agree with appellants in this contention; the difference between the first and second amended complaint is not so marked that the latter can be deemed the statement of an entirely new and different cause of action against the appellants. In both amended complaints the appellants are charged with having received from plaintiff, and to his use, the money sued for, and with a refusal to pay it to plaintiff when demanded.

Upon the facts of the case there can be no doubt of plaintiff's right to maintain this action against appellants. The money of plaintiff came into their hands, and we know of no principle of law which will justify them in their refusal to return it to him, upon the state of facts disclosed by the evidence in this case. The appellants were never legally bound to make any conveyance to plaintiff at all. The agreement made by plaintiff with the agents of appellants was in legal effect only an offer to purchase on the part of plaintiff, and he certainly had a right to withdraw such offer at the time, and under the circumstances shown, and was under no obligation

to settle any claim for commissions which Crosby & Van Haren might have against appellants, growing out of their part in the transaction.

Judgment and order affirmed.

McFARLAND, J., and BEATTY, C. J., concurred.