LOUIS ORLIK and ALFRED ORLIK, Appellants, *v.* NATIONAL CARBON COMPANY, Respondent.

First Department, March 9, 1917.

**Pleading** — amendment as matter of course — Code of **Civil Procedure**, section 542, construed.

Section 542 of the Code of Civil Procedure, which allows an amendment of a pleading as a matter of course, without costs and without prejudice to the proceedings already had, merely permits an amendment once and once only, unless an amended complaint is served, in which case the defendant may serve an amended answer thereto as a matter of course, although he has previously amended his answer to the first complaint.

Within the rule aforesaid a demurrer to an amended answer is not equivalent to the service of an amended complaint, and does not authorize a second amendment of the answer as a matter of course.

Having once served an amended answer under section 542 of the Code of Civil Procedure, a defendant must either meet the demurrer thereto or obtain leave again to amend his answer.

APPEAL by the plaintiffs, Louis Orlik and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of December, 1916, requiring plaintiffs to accept service of a fourth amended answer.

*Gordon S. P. Kleeberg,* for the appellants.

*George Hahn,* for the respondent.

SCOTT, J.:

This appeal calls in question the proper construction to be given to the first sentence of section 542 of the Code of Civil Procedure reading as follows: "Within twenty days after a pleading or the answer, demurrer or reply thereto is served, or at any time before the period for answering it expires, the pleading may be once amended by the party, of course, without costs and without prejudice to the proceedings already had." In the present case a complaint was served on May 22, 1916. On June 10, 1916, the answer was served. A motion was made to strike from the answer certain matter alleged to be irrelevant and redundant, and this motion was granted on June twentieth.

On June twenty-eighth defendant served an amended answer. It is apparent from the fact that this answer reiterated the objectionable matter contained in the original answer and ordered to be stricken out, that this first amended answer was served as of course under the provisions of section 542 above quoted, and not as the result of the order to strike the objectionable matter from the pleading. Defendant had, therefore, *once* served an amended answer as of course. Two later amended answers were served as the result of motions to perfect the answer. Finally the answer having been put into proper shape the plaintiff demurred to the several defenses and the counterclaim contained therein. Thereupon defendant served a fourth amended answer claiming the right to do so as of course under the section above quoted. The amended answer was returned and the present motion was made to compel its acceptance. The motion was granted as we think erroneously.

The significant and controlling word in the section is the word "once." It defines the extent to which the privilege of amendment under it may be carried. A party may amend his pleading as of course once and once only. If amendment be found necessary more than once leave must be obtained. This amendment of course may be at any one of several times either within twenty days after he has served his pleading, or within twenty days after the answer, demurrer or reply is served, or at any time before the time for answering expires, but if once made at any one of the times specified the right is exhausted and no further amendment can be made by virtue of it. It is true that if the plaintiff amends his complaint after the defendant has once amended his answer as of course, the right to once amend the answer to the amended complaint will revive, for the amended complaint takes the place of the original complaint and the action will proceed as if the original complaint had never been served (*Brooks Brothers* v. *Tiffany,* 117 App. Div. 470), but that rule has no application to the present case for the complaint has never been amended. Nor can the demurrer to the third amended answer be deemed to be equivalent to an amended complaint so as to allow a second amendment of the answer as of course. Obviously it is not an amendment of the complaint or anything like it. This precise point was decided

adversely to the defendant's contention even before the enactment of the present Code of Civil Procedure and has never been questioned since. (*White* v. *Mayor, etc.,* 5 Abb. Pr. 322; 14 How. Pr. 497; *Sands* v. *Calkins,* 30 id. 1; *Town of Hancock* v. *Delaware & Eastern R. R. Co.,* 128 App. Div. 693, 695.)

The two amended answers served pursuant to orders to correct the defendant's pleading were not served under section 542 of the Code and do not enter into the consideration of the question here presented. (*Backes* v. *Mechanics & Traders' Bank,* 130 App. Div. 20.)

Our conclusion is that having once amended its answer as of course by serving its first amended answer the defendant (no amended complaint having been served) exhausted the privilege extended by section 542 of the Code, and could not again amend as of course even after its third amended answer had been demurred to. It must either meet the demurrer, or obtain leave to again amend its answer.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Clarke, P. J., Smith, Page and Davis, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.