JOSÉ GONZÁLEZ REYES ET AL., Plaintiffs and Appellants, *v.* MANUEL GONZÁLEZ REYES ET AL., Defendants and Appellees.

No. 5790. Argued June 22, 1932.—Decided July 15, 1932.

*F. Ramírez de Arellano* for appellants. *E. Campos del Toro* for appellee Schlüter.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On May 6, 1930, the plaintiffs filed a complaint against the defendants and joined two causes of action therein.

In the first cause of action it was alleged that the plaintiffs-appellants, together with their brothers and sisters, sold to Manuel González Reyes a piece of property of fifty acres (*cuerdas*) which is described in the complaint, and that this sale was null and void as regards the shares of José González Reyes and María Rita González Reyes, because the latter were minors at the time of such sale and proper proceedings to obtain judicial authorization therefor were not taken.

Said property, according to the allegations, was sold at auction and awarded to the defendant Ernesto Fernando Schlüter in an action brought against Manuel González Reyes. After the original complaint had been filed, the plaintiffs amended it twice but failed to obtain leave of court to file the last amended complaint.

It was alleged in the original complaint that the plaintiff Juana Reyes Torres had built with her own funds a concrete house on the western boundary of said property of 50 acres, adjacent to the Central Highway (*Carretera Central*). It was also alleged that the said plaintiff Juana Reyes Torres had been dispossessed of said house and threatened with eviction within the peremptory period of fifteen days, counted from May 1, 1930.

In the original complaint and in the first amended complaint it was alleged that the said house was built by said plaintiff before the execution of the sale to Manuel González Reyes. In the second amended complaint it is alleged that said house was built subsequent to the sale to Manuel González Reyes; that it was erected on a small parcel of land having an area of three and ninety-hundredths acres, which was bounded on the north by the 50-acre tract described in the complaint, and that due to an error in the proceedings for attachment and public sale instituted by Ernesto Fernando Schlüter, the said house and parcel of three and ninety-hundredths acres were included in the said tract of land of 50 acres. It is further alleged that the ousting of said plaintiff Juana Reyes Torres from the house and 3.90-acre parcel is

being sought, she having been threatened with eviction within a peremptory period. The plaintiff Juana Reyes Torres sues as the heir of María Rita González Reyes, who died, as alleged in the complaint, an unmarried woman, on March 5, 1926.

In the last amended complaint it is prayed that the title acquired by the defendants Manuel González Reyes and Ernesto Fernando Schlüter to the 50–acre tract be annulled, and that the 3.90–acre parcel as well as the concrete house erected thereon be delivered to the plaintiff Juana Reyes Torres. The defendant Ernesto Fernando Schlüter demurred to the complaint on the ground of misjoinder of causes of action and set up that in the first cause of action it is sought to annul the title to a tract of land of 50 acres, whereas in the second cause of action prayer is made that there be excluded from a certain auction sale a piece of land of 3.90 acres and a house which were erroneously included in the public auction whereby the said 50 acres were awarded to the defendant Schlüter. The defendant also filed a motion to strike out the second cause of action from the complaint. This motion was based on the ground that the cause of action stated in the original complaint and in the first amended complaint is entirely changed by the second cause of action, said change being made where it is alleged in the last amended complaint that the house in question was not erected on the 50–acre property belonging to the defendant Schlüter, but on another tract of 3.90 acres adjacent to said property, it being further alleged that said house was built, not prior to the sale of the property to Manuel González Reyes, but subsequent to such sale. The defendant maintains that in the last amended complaint a new cause of action was included bearing or having no connection whatever with the cause of action originally set up.

The lower court granted the motion to strike out on the ground that the second cause of action alleged in the complaint constitutes a new and distinct cause of action which

was not set up in the original complaint nor in the first amended complaint, and it granted the plaintiffs a period of ten days to further amend their complaint.

The plaintiffs moved the court to enter final judgment in order to take the proper appeal. In accordance with this motion, the lower court rendered a judgment dismissing the action with costs, whereupon the plaintiffs appealed from that judgment and filed a brief in this Court assigning the following errors:

"The court erred in striking out the second cause of action from the second amended complaint on the ground that said amendment constituted a new and distinct cause of action which was not raised in the original cause of action nor in the first amended complaint.

"The court also erred in striking out the entire complaint, in dismissing the action, and in imposing the costs of the proceeding on the plaintiffs."

In amending the complaint for the first time without leave of court, the plaintiffs availed themselves of the right granted to them by section 139 of the Code of Civil Procedure. Any pleading may be amended once without application to the court or permission therefrom. This right, of which the parties cannot be deprived by the court, is one which is conferred upon the party equally with that of pleading originally. It must be exercised within the time and in the manner prescribed by the code and it is quite distinct from the right to amend by leave of court. *Spooner* v. *Cady*, Cal. Unrep. Cas. 539, 36 Pac. 104. The right to amend as of course, when once exercised, ceases to exist and all further amendments are addressed to the sound discretion of the court. *Tripp* v. *City of Yankton*, 10 S.D. 516, 74 N.W. 447. The controlling word in the section of the code is the word "once." It defines and limits the extent of the privilege to amend without leave of court. A party may amend its pleading as of course once and only once. If amendment be found necessary more than once, leave must be obtained. *Orlik* v. *National Carbon Co.*, 176 App. Div. 600, 163 N.Y.S. 768.

The courts have always been very liberal in allowing amendments to the pleadings in furtherance of justice and in order to decide causes on the merits. The statutory provisions, especially the ones contained in the codes of the States which have adopted the reformed system of procedure, are alike, although they differ in some details.

The defendant Ernesto Fernando Schlüter could have demanded that the second amended complaint be stricken out on the ground that it had been filed without leave of court, but since his motion merely alleged that a new cause of action had been introduced, and the decision of the court was based on this point, we now proceed to consider this question.

There are numerous court decisions regarding the allowance or refusal of amendments, which change the cause of action or introduce a new cause of action. The views stated by the courts are not uniform and opinions have been delivered which are really conflicting. Pomeroy in his work "Code Remedies," section 566, 4th ed., says:

"In giving a practical interpretation to the clauses of the codes, a conflict of decision has arisen among the tribunals of the different States, and sometimes among those of the same State, which it is utterly impossible to reconcile. The rule is established by one class of cases, and prevails in certain States, that in all the voluntary amendments which a party may make as a matter of course in his own pleadings, and in all amendments before trial for which the party applies to the court by motion, including those rendered necessary by the sustaining of a demurrer to his pleading, he cannot under the form of an amendment change the nature and scope of his action; he cannot substitute a wholly different cause of action in place of the one which he attempted to set up in his original pleading. A very different rule is laid down by another class of cases. It is settled in New York by a carefully considered decision of the Court of Appeals, which overrules a number of contrary decisions made by inferior tribunals of that State, that a complaint may be amended voluntarily and of course, by substituting an entirely different cause of action for the one originally alleged, provided the summons continues to be appropriate. It is not necessary that the new cause of action should be of the same general nature

or class as the first one; but the plaintiff may, by omitting a cause of action, substitute another in its stead of an entirely different class and character, if the change does not require an alteration in the summons. A like rule, it was held, also applies to answers and to defences contained therein. In some States this liberal interpretation of the code has been expressly extended to those amendments which require the consent of the court granted upon a motion, and the rule is settled that even in that class the cause of action or defence may be entirely changed.''

In *Frost* v. *Witter,* 132 Cal. 421, 64 Pac. Rep. 705, the Supreme Court of California accepts the doctrine that a wholly different cause of action should not be introduced; but it says that the unqualified way in which the rule is applied in some cases cannot be accepted. For the sake of greater clearness, we copy a part of what that court said after citing various cases in which the amendments were allowed:

''In other states the decisions are conflicting. (Pomeroy on Code Pleading, sec. 566.) In one, and perhaps the most numerous, class of cases, the rule is established, says the author cited, that a party 'cannot, under the form of an amendment, change the nature and scope of his action'; or, rather, as he adds in the same breath, 'he cannot substitute a *wholly different* cause of action.' The latter, however, is an essentially different proposition, and is the form in which the rule is commonly asserted,—as, e. g., in *Shields* v. *Barrow,* 17 How. 144, and the Alabama cases cited in note to 1 Ency. Pl. and Prac., 463. And it is obvious that the unqualified way in which the rule is sometimes stated—i. e., that a new or different cause of action cannot be introduced by amendment—cannot be accepted. For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action; and in these, and often in the case of new parties, a new cause of action is in fact for the first time introduced. All that can be required, therefore (to use the language of Mr. Pomeroy), is, that 'a wholly different cause of action' shall not be introduced; or, as said by the court in *Shields* v. *Barrow, supra,* that 'a complainant [is not] at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment,' or 'to strike out the entire substance and prayer of his bill, and insert a new case by way of amendment'; or, as expressed by this

court .in an early case, the matter of the amendment must not be 'entirely foreign to the original complaint.' (*Nevada County etc. Canal Co.* v. *Kidd*, 28 Cal. 681.) On the other hand, under statutory provisions similar to ours, the rule has been entirely repudiated by the court of appeals of New York, and it is there held to be immaterial whether the cause of action set out in the amended complaint is new or otherwise. (*Brown* v. *Leigh*, 12 Abb. Pr., N. S., 193, and other cases cited. Pomeroy on Code Pleading, sec. 566, p. 649, note 1.)

"The rule has not been expressly adopted in any of the decisions in this state; though the point that it had been violated has often been made, and overruled on special grounds,—as, e. g., that the amendment did not '*materially*' change the cause of action (*Louvall* v. *Gridley*, 70 Cal. 510); or that the amendment did not state an '*essentially*' different cause of action (*Bogart* v. *Crosby*, 91 Cal. 281); or that the new matter was not '*entirely foreign* to the original complaint,' as in *Nevada County etc. Canal Co.* v. *Kidd, supra.* But the rule has not been affirmatively asserted in any of the decisions; and in the case last cited the court declined to consider the question whether a cause of action could be introduced by amendment different from the one originally alleged, 'or, more properly speaking, attempted to be alleged.' And this is in accordance with the cases cited, *supra,* in each of which the cause of action set up in the amended complaint was more or less widely different from the original. For the purposes of this case, however, it may be assumed that the rule, in its more liberal form,—as stated in the cases cited,—has been tacitly recognized; and the question to be considered will be regarded as relating simply to its application."

In *Martí* v. *American Railroad Co.,* 28 P.R.R. 689, this Court cited several authorities which support the doctrine that no amendment which introduces a new cause of action should be allowed. But in that case the Court was not required to express its opinion as to the scope which should be given to this doctrine, since the conclusion was reached that a new, separate, and distinct cause of action was not involved. The doctrine established by the Supreme Court of California is sufficiently liberal and broad so that the ends of justice may be attained in accordance with the circumstances of each case. This doctrine is to the effect that

where a wholly different cause of action is involved, the amendment should not be allowed. In the exercise of a sound discretion, the courts should determine when to refuse or allow such amendments in furtherance of justice.

We shall now examine the original pleadings and the amendments thereto in order to determine whether or not the second cause of action finally set up is wholly different from the one stated in the original complaint. It was originally averred that the house claimed by the plaintiff was built on the property of 50 acres which is described in the complaint, and that said property was awarded to Ernesto Fernando Schlüter, who now appears to be the absolute owner thereof. In the second amended complaint it is alleged that said house was built on a parcel of 3.90 acres which is also described in the complaint and which is bounded on the north by the property of 50 acres, and that due to an error in the proceedings for attachment and public sale instituted by Ernesto Fernando Schlüter against Manuel González Reyes, said house and parcel of 3.90 acres were included in the 50-acre tract. Prayer is made that this small parcel of land be excluded from the auction and sales made, and that said parcel, together with the house thereon, be restored to the plaintiff Juana Reyes Torres. As may be seen, in accordance with the original complaint, the obligation of Ernesto Fernando Schlüter to return the house or to acknowledge the rights claimed therein by the plaintiff, arises from his having acquired the 50 acres under a title which is alleged to be null and void. Now, according to the second amended complaint, Schlüter's obligation arises from his having taken possession by mistake of an entirely different tract of land, on which the house is said to have been erected. In the first case, Schlüter acquired by virtue of a conveyance the ownership of the land on which the house was alleged to have been built. In the second case, he appears as having taken possession by mistake of another tract of land on which that house is now said to be located. The prayer for relief forms

no part of the statement of the cause of action. However, it has been held in New York and in Georgia that where the complaint sets forth an ambiguous state of facts, the prayer for relief may help to determine the character of the action. *O'Brien* v. *Fitzgerald,* 143 N.Y. 377, 38 N.E. 371; *Steed* v. *Savage,* 115 Ga. 97, 41 S.E. 272. In the instant case, the plaintiff Juana Reyes Torres alleges that Ernesto Fernando Schlüter took possession by mistake of the small parcel of 3.90 acres and prays that this parcel be restored to her together with the house thereon built. It is indisputable that there is involved a new and distinct cause of action which requires different evidence to support it, and which does not affect coplaintiff José González Reyes nor the codefendant Manuel González Reyes. A claim is involved which only concerns the plaintiff Juana Reyes Torres and in which she does not have any common interest with the other plaintiff, according to the allegations of the complaint. The lower court did not err in striking out the second cause of action.

The plaintiffs urge that the court *a quo* erred in dismissing the complaint and in ordering that the cause be filed away. Where the court ordered that the second cause of action be stricken out, it granted the plaintiffs ten days to amend the complaint. The plaintiffs filed a motion in court stating that they did not intend to amend the pleading and prayed that final judgment be rendered in the cause so as to enable them to take an appeal from said judgment. The court granted this motion, but the plaintiffs think that it should have confined itself to a dismissal of the second cause of action, leaving the first cause of action to stand. An order to strike out is not appealable, but it can be reviewed in an appeal taken from the final judgment. The lower court merely granted what the plaintiffs asked, so that the order to strike out could be reviewed. If the judgment of the court had been limited to dismissing the second cause of action, the plaintiffs would have accomplished something which is not authorized by law: the taking of an appeal from an order which can only be

reviewed within an appeal taken from the final judgment in the action wherein the order was issued.

The judgment appealed from must be affirmed.