826

José González Reyes y Juana Reyes Torres, demandantes y apelantes *v.* Manuel González Reyes y Ernesto Fernando Schlüter, demandados y apelados.

No. 5790.—*Sometido:* Junio 22, 1932. *Resuelto:* Julio 15, 1932.

*F. Ramírez de Arellano,* abogado de los apelantes; *E. Campos del Toro,* abogado del apelado Sr. Schlüter.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 6 de mayo de 1930 los demandantes radicaron una demanda contra los demandados, acumulando en la misma dos causas de acción.

En la primera causa de acción se alega que los demandantes apelantes, en unión de otros hermanos, vendieron a Manuel González Reyes una finca de cincuenta cuerdas que se describe en la demanda, siendo esta venta nula en cuanto se refiere a la participación de José González Reyes y María Rita González Reyes, porque éstos eran menores de edad cuando se llevó a cabo dicha venta sin haberse practicado el correspondiente expediente de autorización judicial.

Esta finca, según las alegaciones, fué rematada y adjudicada al demandado Ernesto Fernando Schlüter en pleito seguido contra Manuel González Reyes. Después de radicada la demanda original, los demandantes enmendaron en dos ocasiones la referida demanda, sin obtener permiso de la corte para radicar la última demanda enmendada.

En la demanda original se alegó que en la finca de 50 cuerdas y en la colindancia oeste con la carretera Central, la demandante Juana Reyes Torres había edificado con su propio peculio una casa de cemento. Se alegó también que la mencionada demandante Juana Reyes Torres había sido desposeída de dicha casa y amenazada de lanzamiento dentro de un término perentorio de quince días a partir del 1º. de mayo de 1930.

En la demanda original y en la primera demanda enmendada se alegó que la referida casa fué fabricada por la susodicha demandante antes de la venta hecha a Manuel González Reyes. En la segunda demanda enmendada se alega que dicha casa fué construída con posterioridad a la venta hecha a Manuel González Reyes, que la misma se edificó en una pequeña finca compuesta de tres cuerdas noventa centésimas, colindante por el norte con la finca de 50 cuerdas que se describe en la demanda, y que por error en el procedi-

miento de embargo y remate seguido por Ernesto Fernando Schlüter se incluyó dicha casa y predio de tres cuerdas cincuenta céntimos en la mencionada finca de 50 cuerdas. Se añade que se pretende desposeer a dicha demandante Juana Reyes Torres de la casa y predio de terreno de 3 cuerdas 90 céntimos, habiendo sido amenazada de lanzamiento dentro de un término perentorio. La demandante Juana Reyes Torres comparece como heredera de María Rita González Reyes, quien según se alega en la demanda murió siendo soltera en 5 de marzo de 1926.

En la última demanda enmendada se solicita la nulidad de los títulos obtenidos sobre la finca de 50 cuerdas por los demandados Manuel González Reyes y Ernesto Fernando Schlüter, y asimismo se pide que se entregue a la demandante Juana Reyes Torres la finca de tres cuerdas noventa centésimas, así como la casa de cemento en dicha finca construída. El demandado Ernesto Fernando Schlüter presentó una excepción previa a la demanda por indebida acumulación de acciones, alegando que en la primera causa de acción se ejercita la acción de nulidad de título relacionada con una finca de 50 cuerdas y en la segunda causa de acción se pide que se excluya de cierto remate una finca de 3 cuerdas 90 céntimos y una casa que fueron incluídas erróneamente en la subasta que tuvo lugar al adjudicarse al demandado Schlüter las 50 cuerdas referidas. También presentó el demandado una moción solicitando que la segunda causa de acción fuese eliminada de la demanda. Esta moción para eliminar se basa en que en la segunda causa de acción se varía completamente la causa de acción expuesta en la demanda original y primera demanda enmendada, consistiendo dicha variación o alteración en que en la última demanda se alega que la casa en cuestión no fué construída en el predio de 50 cuerdas perteneciente al demandado Schlüter sino en otro predio de 3 cuerdas 90 céntimos que colinda con dicha finca, alegándose además que dicha propiedad no fué construída antes de ser vendida la finca a Manuel Martínez Reyes sino con posterio-

ridad a dicha venta. Entiende el demandado que en esta última demanda se incluyó una nueva causa de acción que no guarda ni tiene relación alguna con la primera causa de acción que se ejercita en la demanda.

La corte inferior declaró con lugar la moción eliminatoria basándose en que la segunda causa de acción que se alega en la demanda constituye una nueva y distinta causa de acción que no es alegada ni en la demanda original ni en la primera demanda enmendada, concediendo un término de diez días a los demandantes para enmendar nuevamente su demanda.

Los demandantes solicitaron que la corte dictara sentencia final para poder entablar el correspondiente recurso de apelación. De acuerdo con esta solicitud la corte inferior dictó sentencia desestimando la demanda, ordenando el archivo del caso e imponiendo las costas a los demandantes, quienes apelaron de la sentencia y han radicado un alegato ante esta corte, atribuyendo a la corte inferior los siguientes errores:

"La Corte erró al eliminar la segunda causa de acción de la segunda demanda enmendada por considerar que dicha enmienda constituía una nueva y distinta causa de acción que no fué alegada ni en la demanda original ni en la primera demanda enmendada.

"Erró también la Corte al ordenar la eliminación de toda la demanda, desestimándola, y ordenando el archivo del caso, e imponiendo las costas del procedimiento a los demandantes."

■ Al enmendar por primera vez la demanda sin permiso de la corte, los demandantes hicieron uso de un derecho que les reconoce el artículo 139 del Código de Enjuiciamiento Civil. Cualquier alegación puede ser enmendada por primera vez sin que se solicite y obtenga permiso de la corte. Este derecho, del cual no puede privarse a las partes, es igual al que les asiste para presentar sus alegaciones originales. Es un derecho que debe ser ejercitado dentro del tiempo y en la forma especificada en el código, siendo muy distinto del derecho a enmendar permitido a las partes por el tribu-

nal competente. *Spooner* v. *Cady,* (Cal. March 15, 1894) 36 Pac. Rep. 104. El derecho a enmendar, una vez ejercitado, deja de existir y todas las enmiendas posteriores dependen del ejercicio de una sana discreción por parte del tribunal. *Tripp* v. *Yankton,* 10 S. D. 516, 74 N. W. 447. La palabra predominante en el artículo del Código es la palabra "once" (una vez). Esta palabra define y limita la extensión del privilegio para enmendar sin permiso de la corte. Una parte puede enmendar sus alegaciones como cuestión de derecho una vez, y solamente una vez. Si se desea presentar una nueva enmienda debe solicitarse la correspondiente autorización. *Orlick* v. *National Carbon Co.,* 176 App. Div. 600, 163 N.Y.S. 768.

Las cortes han sido siempre muy liberales en permitir enmiendas a las alegaciones con el propósito de impartir justicia entre los litigantes y decidir controversias en sus méritos. Las disposiciones de los estatutos, especialmente aquéllas contenidas en los códigos de los estados que han adoptado el sistema reformado de procedimiento, son similares, aunque difieren en algunos detalles.

El demandado Ernesto Fernando Schlüter pudo haber solicitado la eliminación de la segunda demanda enmendada por haber sido presentada sin autorización de la corte, pero como su moción se limitó a alegar que se había aducido una nueva causa de acción, y la resolución de la corte se basó en este extremo, pasamos a considerar esta cuestión.

■ ■ ■ Son numerosas las decisiones de las cortes sobre la admisión o no admisión de enmiendas que cambien la causa de acción o que introduzcan una nueva causa de acción. Las cortes no se manifiestan de completo acuerdo y se han emitido opiniones que están realmente en conflicto. Dice Pomeroy en su obra "Code Remedies", sección 566, cuarta edición:

"Al dar una interpretación práctica a las cláusulas de los códigos ha surgido un conflicto en las decisiones emitidas por los tribunales de los distintos estados, y a veces entre las emitidas por las del mismo

estado, que es de todo punto imposible armonizar. Una clase de casos ha establecido la regla, prevaleciente en ciertos estados, de que en todas las enmiendas voluntarias que una parte puede hacer como cuestión de derecho en sus propias alegaciones, así como en todas las enmiendas anteriores al juicio para efectuar las cuales la parte acude a la corte, incluyendo las dictadas necesariamente al declararse con lugar una excepción previa a la demanda, no se puede, bajo el nombre de enmienda, alterar la naturaleza y alcance del procedimiento iniciado; tampoco puede el demandante substituir una causa de acción enteramente distinta por la que trató de aducir en su demanda original. Otra clase de casos establece una regla muy distinta. Una cuidadosa opinión emitida por la Corte de Apelaciones del estado de Nueva York, que revoca una serie de decisiones que se pronunciaban en sentido contrario y que habían sido dictadas por tribunales inferiores en dicho estado, ha establecido que una demanda puede ser enmendada voluntariamente como cuestión de derecho, substituyendo una causa de acción enteramente distinta por la originalmente presentada, siempre que el emplazamiento continúe siendo adecuado. No es necesario que la nueva causa de acción sea de la misma naturaleza o clase general que la archivada primeramente; sino que el demandante pueda, omitiendo una causa de acción, substituir en su lugar otra de clase y naturaleza enteramente distinta, siempre que el cambio no exija una alteración del emplazamiento. También se ha resuelto que una regla similar es aplicable a las contestaciones y defensas en ellas contenidas. En algunos estados se ha hecho extensiva esta interpretación liberal del código a aquellas enmiendas que exigen que el consentimiento de la corte sea dado mediante una moción, y se ha establecido también la regla de que aún en esa clase la causa de acción o defensa pueden ser alteradas en su totalidad.''

La Corte Suprema de California, en el caso de *Frost* v. *Witter*, 132 Cal. 421, 64 Pac. Rep. 705, acepta la doctrina de que una completa y diferente causa de acción no debe ser admitida; pero dice que la forma ilimitada en que la regla se aplica en algunos casos no puede ser aceptada. Para mayor claridad copiamos parte de lo que dice dicha corte después de citar varios casos en que las enmiendas fueron admitidas:

''En otros estados las decisiones están en conflicto. Pom. Rem. & Rem. Rights, pár. 566. En una clase de casos, que quizá es la más numerosa, se ha establecido la regla, dice el autor citado, de que una

parte 'no puede, bajo el nombre de enmienda, alterar la naturaleza y alcance de su acción;' o, más bien, según agrega en el mismo capítulo, 'no se puede substituir una causa de acción enteramente distinta.' Esta última, sin embargo, es una proposición de todo punto diferente y es la forma en que generalmente se expone la regla, como por ejemplo en Shields v. Barrow, 17 How, 144, 15 L. Ed. 158, y en los casos de Alabama citados en la nota que aparece en el tomo 1ro. de Enc. Pl. & Prac., p. 463. Y es obvio que la forma sin restricciones en que a veces se expone la regla—v.g., que una causa de acción nueva o distinta no puede introducirse mediante enmienda—no puede ser aceptada; pues la clase más común de enmiendas es aquella en que se enmiendan las demandas que no aducen hechos suficientes para determinar una causa de acción, y en éstas, conforme ocurre frecuentemente cuando se adicionan nuevas partes, se introduce por primera vez una nueva causa de acción. Por tanto, todo lo que puede exigirse (usando las palabras del Sr. Pomeroy) es que no se presente 'una causa de acción totalmente distinta;' o, según dijo la corte en el caso de Shields v. Barrow, *supra,* 'que el demandante no esté en libertad de abandonar toda la causa de acción presentada por su demanda y radicar una nueva por vía de enmienda', o 'de eliminar toda la substancia y súplica de su demanda e insertar una nueva causa de acción por vía de enmienda'; o según expresó esta corte en un caso antiguo, la enmienda no debe consistir en materia 'enteramente extraña a la demanda original.' Canal Co. v. Kidd, 28 Cal. 681. Por otra parte, bajo disposiciones estatutarias similares a las nuestras, la corte de apelaciones del estado de Nueva York ha repudiado enteramente la regla, y resuelto que es impertinente que la causa de acción aducida en la demanda enmendada sea o no nueva. Brown v. Leigh, 12 Abb. Prac. (N.S.) 193, y otros casos citados; Pom. Rem. & Rem. Rights, pár. 566, pág. 649, nota 1. Ninguna de las decisiones de este estado ha adoptado la regla expresamente, aunque la cuestión de que ha sido infringida se ha suscitado frecuentemente y ha sido denegada por motivos especiales, como, por ejemplo, que la enmienda no alteraba 'materialmente' la causa de acción (Louvall v. Gridley, 70 Cal. 510, 11 Pac. 777); o que la enmienda no aducía una causa de acción 'esencialmente' distinta (Bogart v. Crosby, 91 Cal. 281, 27 Pac. 603); o que la materia no era 'enteramente extraña a la demanda original', como en el caso de Canal Co. v. Kidd, *supra.* Mas en ninguna de las decisiones se ha sentado la regla afirmativamente; y en el último caso citado la corte rehusó considerar la cuestión de si una causa de acción distinta a la alegada originalmente, 'o, hablando con más claridad, que original-

mente se trataba de alegar', podía ser introducida mediante enmienda. Esto de conformidad con los casos citados más arriba, en cada uno de los cuales la causa de acción aducida en la demanda enmendada era más o menos bastante distinta a la original. Sin embargo, para los fines de este caso podría asumirse que la regla en su forma más liberal—según la han establecido los casos citados—ha sido tácitamente reconocida y la cuestión a considerar será tomada como referente sólo a su aplicación.''

En el caso de *Martí* v. *Am. Railroad Co.* 28 D.P.R. 737, esta corte cita varias autoridades que sostienen la doctrina de que no deben admitirse enmiendas que introduzcan una nueva causa de acción; pero en este caso la corte no tuvo necesidad de fijar su criterio sobre el alcance que debe darse a esta doctrina, porque se llegó a la conclusión de que no se trataba de una nueva, separada y distinta causa de acción. La doctrina sentada por la Corte Suprema de California es bastante liberal y amplia para que puedan realizarse los fines de la justicia, de acuerdo con la naturaleza del caso. Establece esta doctrina que cuando se trata de una causa de acción completamente diferente, no debe admitirse la enmienda. Las cortes, en el ejercicio de una sana discreción, deben resolver cuándo deben rechazarse o admitirse estas enmiendas en bien de la justicia.

Examinemos ahora las alegaciones originales y las enmiendas a las mismas para ver si la segunda causa de acción últimamente alegada es o no completamente diferente a la alegada en la demanda original. Se dijo originalmente que la casa que reclama la demandante fué fabricada en la finca de 50 cuerdas que se describe en la demanda, y que dicha finca fué adjudicada a Ernesto Fernando Schlüter, quien aparece hoy como dueño absoluto de dicha finca. En la segunda demanda enmendada se alega que dicha casa se edificó en una finca de 3 cuerdas 90 centésimas que también se describe en la demanda y que colinda por el norte con la finca de 50 cuerdas, y que por error en el procedimiento de embargo y remate seguido por Ernesto Fernando Schlüter contra Manuel González Reyes se incluyó dicha casa y predio de 3 cuer-

das 90 céntimos en el predio de 50 cuerdas. Se pide que se excluya de las ventas practicadas y del remate este pequeño predio de terreno y que se le entregue con la casa en él fabricada a la demandante Juana Reyes Torres. Como se ve, de acuerdo con la demanda original, la obligación de Ernesto Fernando Schlüter de devolver la casa o reconocer los dere-que a la misma alega la demandante, surge del acto de haber adquirido el dominio de las cincuenta cuerdas en virtud de un título cuya nulidad se alega. Ahora, de acuerdo con la segunda demanda enmendada, la obligación de Schlüter surge de haberse incautado por equivocación de una finca completamente distinta donde se dice fué fabricada la casa. En el primer caso Schlüter adquiere el dominio del inmueble donde se dijo fué fabricada la casa, en virtud de un título. En el segundo caso aparece incautándose por error de otra finca donde ahora se dice está enclavada la referida casa. La súplica no forma parte de la causa de acción. En Nueva York y Georgia se ha decidido, sin embargo, que cuando el litigante alega los hechos de tal modo que deja su intención en duda, la súplica puede servir para determinar la naturaleza de la acción. *O'Brien* v. *Fitzgeral,* 143 N. Y. 377, 38 N. E. 371; *Steed* v. *Savage,* 115 Ga. 97, 41 S. E. 272. En el presente caso la demandante Juana Reyes Torres alega que Ernesto Fernando Schlüter se incautó por error del pequeño predio de 3 cuerdas 90 céntimos y pide que se le entregue este predio con la casa en él fabricada. Es indudable que se trata de una nueva y distinta causa de acción que requiere distinta prueba y que no afecta ni al codemandante José González Reyes ni al codemandado Manuel González Reyes. Se trata de una reclamación que únicamente interesa a la demandante Juana Reyes Torres y en la cual no tiene ningún interés común con el otro demandante según se desprende de las alegaciones de la demanda. No cometió error la corte inferior al eliminar la segunda causa de acción.

■ Alegan los demandantes que la corte *a quo* cometió error al desestimar la demanda y ordenar el archivo del caso.

La corte, al ordenar la eliminación de la segunda causa de acción, concedió a los demandantes diez días para enmendar la demanda. Los demandantes presentaron moción a la corte diciendo que no intentaban enmendar las alegaciones y pidieron que se dictase sentencia final en el caso para poder apelar de dicha sentencia. La corte así lo hizo, pero lós demandantes entienden que debió limitarse a dictar sentencia contra la segunda causa de acción, dejando en pie la primera. Una orden eliminatoria no es apelable, pero puede ser revisada en apelación de la sentencia final. La corte inferior no hizo otra cosa que acceder a los deseos de los demandantes para que la orden eliminatoria pudiese ser revisada. Si la sentencia de la corte se hubiese limitado a desestimar la segunda causa de acción, los demandantes habrían conseguido prácticamente la apelación de una orden que no está autorizada por la ley y que únicamente puede ser revisada cuando se apela de la sentencia final en el pleito en que se dictó dicha orden.

*Debe confirmarse la sentencia apelada.*