ANTONIO JAUME, por sí, y ABELARDO AGUILÚ y ANTONIO JAUME, haciendo negocios bajo el nombre comercial de AGUILÚ & JAUME, peticionarios, *v.* CORTE DE DISTRITO DE PONCE, HON. ALBERTO S. POVENTUD, JUEZ, demandada.

Núm. 1377.—*Sometido:* Noviembre 9, 1942. *Resuelto:* Diciembre 21, 1942.

*Ramón G. Goyco,* abogado de los peticionarios; *Luis A. Noriega* y *R. Hernández Matos,* abogados de los querellantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Contra "Abelardo Aguilú y Antonio Jaume, haciendo negocios bajo el nombre comercial de Aguilú & Jaume" se radicó por once obreros una querella de conformidad con la sección 1 de la Ley núm. 10 de 1917 ((2) pág. 217), según fué enmendada por la número 40 de 17 de abril de 1935 ((1) pág. 239), que literalmente dice así:

"Sección 1.—Siempre que un obrero o empleado tuviere que reclamar de su patrono cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin previo aviso y sin causa justificada, podrá comparecer ante la corte municipal del distrito judicial en que realizó el trabajo o en que resida el obrero o empleado en la fecha de la reclamación y formular contra el patrono una querella que extenderá o llenará, según fuere el caso, el juez o el secretario de la corte, en la cual se expresarán bajo juramento, por el obrero o empleado, los hechos en que se funda la reclamación.

"Podrán acumularse en una misma querella las reclamaciones de todos los obreros y empleados *de un mismo patrono* que hubieran dejado de percibir sus salarios devengados en una obra común; Disponiéndose que la presentación de una querella por uno o más obreros o empleados, no impedirá la radicación de otras acciones por otros obreros o empleados." (Bastardillas nuestras.)

En la referida querella se exponía que el trabajo que en horas extras habían realizado los concurrentes y por el cual reclamaban compensación, lo habían ejecutado para ambos demandados haciendo negocios bajo el indicado nombre comercial. Evacuada la prueba de los demandantes, la Corte Municipal desestimó la querella al declarar con lugar una moción de *nonsuit,* y no conformes con la sentencia, apelaron los querellantes para ante la Corte de Distrito de Ponce, donde se señaló la vista del juicio para el día 14 de abril de 1942. Siete días antes del señalado para la vista, los demandados solicitaron permiso de la Corte de Distrito para enmendar la querella y al efecto acompañaron un proyecto de

querella enmendada de acuerdo con la cual la acción se dirigía contra "Antonio Jaume por sí, y Abelardo Aguilú y Antonio Jaume haciendo negocios bajo el nombre comercial de Aguilú & Jaume", y se alegaba que ciertas horas del trabajo verificado por algunos de los querellantes—especificando sus nombres, clase de trabajo y tiempo invertido—lo fueron para Antonio Jaume, mientras éste era dueño exclusivo de la industria, y que el remanente del trabajo realizado lo fué para Aguilú & Jaume, a partir de la fecha en que dicha industria pasó a poder de la referida firma.

Se opusieron los demandados a la enmienda y habiéndola permitido la corte inferior, interpusieron este recurso de *certiorari* interesando que anulemos dicha orden, (a) porque en la querella enmendada se demanda a Antonio Jaume por sí y a Aguilú & Jaume, o sea dos patronos distintos, contra los cuales, según los demandados, no puede acumularse esta clase de acciones, y (b) porque la querella enmendada no afecta a todos los querellados de igual modo, existiendo algunos querellantes que trabajaron exclusivamente para Antonio Jaume mientras otros lo hicieron para Aguilú & Jaume.

Un ligero examen de la Ley núm. 10 de 1917 demostrará que su propósito es crear un procedimiento rápido y sencillo para dirimir controversias entre obreros y patronos en que los primeros reclaman de los segundos la compensación de trabajo o labor realizado para éstos, o la compensación que la ley les concede cuando el empleado u obrero hubiere sido despedido de su empleo sin previo aviso y sin justa causa. Tan informal es el procedimiento prescrito para tales reclamaciones que se autoriza al juez o al secretario de la corte donde ha de verse el caso para que redacte la querella. [1] Huelga decir que una ley de esa índole requiere la más liberal interpretación que fuere necesaria para llevar a cabo su propósito, siempre, desde luego, que no se perjudiquen los derechos sustanciales de la parte demandada.

[2] Se trata en este caso de un mismo negocio que lo poseía primero Antonio Jaume y que después se unió a él Abelardo Aguilú, sin que al unirse este último se crease una persona jurídica distinta. de los miembros de la firma, ya que no existía, según se infiere de la querella, una sociedad constituída por los medios que prescribe la ley. No estamos convencidos de que se trata de dos patronos distintos dentro del espíritu que inspira la citada ley, ni tampoco se ha variado, a nuestro juicio, la causa de acción. [3] Concediendo la enmienda como lo hizo la corte inferior, no se perjudican los derechos sustanciales de los demandados, quienes desde el primer momento en que se notificó la querella estuvieron sometidos a la jurisdicción de la corte y tienen una razonable oportunidad de defenderse al igual que si la querella hubiere sido presentada originalmente en la forma en que fué luego enmendada. En cambio, de no permitirse la enmienda, de obligar a los querellantes a circunscribir su prueba a las alegaciones de la querella original, se les causaría el perjuicio de que no podrían reclamar los servicios que alegan haber prestado a Jaume exclusivamente. Véase *González Reyes* v. *González,* 43 D.P.R. 826, 830.

*Por las razones expuestas, opinamos que no erró la corte inferior al permitir la radicación de la querella enmendada y siendo ello así, procede anular el auto expedido y devolver el expediente· original a dicha corte para que continúe la tramitación del caso de conformidad con la ley.*

El Juez Asociado Sr. Snyder no intervino.